OVERSTREET *v.* LORD *et al.*

(Division B. May 12, 1931.)

[134 So. 169. No. 29337.]

H. T. Leonard, of Kosciusko, for appellant.

D. E. Crawley, of Kosciusko, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed his petition in the circuit court of Attala county against the appellees, E. C. Lord, county superintendent of education, and J. P. Thomas, O. L. Hodges, J. E. Hubert, J. B. Gibson, and R. W. Strain, trustees of the Friendship Consolidated School in said county, for a writ of mandamus to compel the appellees to issue to appellant pay certificates in the sum of one

hundred thirty dollars claimed by appellant to be due him as salary for his services as a teacher in said school for the seventh and eighth months of the scholastic year 1929, 1930, which pay certificates, the appellant alleged, had been unlawfully denied him by the appellees.

The appellees answered denying the allegations of the petition, and the cause was heard by the circuit judge sitting as judge and a jury, on the petition, answer, and proofs, and a judgment was rendered denying the writ of mandamus. From that judgment the appellant prosecutes this appeal.

The appellant was duly elected as first assistant teacher in the Friendship Consolidated School for the scholastic year 1929, 1930, the said term being for eight months. The appellant taught six months when the county superintendent of education and the trustees of the school undertook to discharge him, as a result of which action the appellant was denied the right to teach the last two months of the term. For those two months he claims that he is entitled to the salary fixed for his services, sixty-five dollars per month. The county superintendent and the trustees refused to issue to appellant pay certificates for those two months, upon the ground that he had been legally discharged by them and had not performed the services. The county superintendent and the trustees undertook to show that they had the right, under the law, to discharge the appellant upon two grounds, one of which is unnecessary to be mentioned. One ground was that the appellant appeared at the school while afflicted with smallpox, and thereby exposed the pupils of the school to the danger of contracting that disease.

The great preponderance of the evidence was to the following effect: The appellant had taught as first assistant in the school until about the 10th day of February, 1930, at which time the school was closed on account of an epidemic of smallpox in that community. During

that period the appellant contracted smallpox. On the 24th day of February, 1930, the school was reopened, when appellant appeared at the schoolhouse for the purpose of resuming his duties as one of the teachers. The trustees of the school suspected that he had the smallpox, and summoned to the school the county superintendent of education and the county health officer, who met with the trustees to determine the question whether the appellant was afflicted with the smallpox, and, if so, what course should be taken in reference to his continuing as a teacher in the school. The county health officer examined the appellant and found that he had smallpox. The appellant was found, at the time, by the county health officer, in the school room with the pupils engaged in his duties as a teacher. The county health officer testified that the appellant had had the smallpox for about two weeks, and that he was then in the "crust stage, falling off, shedding off, and at that time it is very contagious." After the examination by the county health officer, the county superintendent and trustees requested the appellant to remain away from the school until he recovered to an extent that his presence in the school would not expose the pupils to the disease. The appellant refused to comply with this request, and insisted on going ahead with his duties as one of the teachers in the school. Thereupon, the county superintendent and the trustees discharged the appellant as one of the teachers in the school.

By his presence in the school, the appellant subjected himself to criminal prosecution under section 835, Code of 1930, which is a rescript of section 812, Hemingway's Code 1917, which provides, among other things, that any person having recently had the smallpox shall not "go abroad in the company of other persons who have not had the disease," until he shall have obtained a certificate of his attending physician that he has recovered, etc. The penalty denounced for a violation of this stat-

ute is one hundred dollars fine, or thirty days' imprisonment, or both.

Section 6573, Code 1930 (chapter 283, Laws 1924), provides that for incompetency, neglect of duty, immoral conduct, ''or other disqualification,'' the county superintendent may suspend or remove any teacher from any school.

We are of opinion that the appellant's conduct was such as authorized his removal from the school.

However, the appellant contends that the action of the county superintendent and the trustees in attempting to discharge him from his position as one of the teachers in the school was illegal because such action was taken without previous notice to him and opportunity for a hearing on his part.

Under the facts in this case, we think it is unnecessary to decide whether the appellant was legally removed from the school or not. In other words, it may be conceded for the sake of argument that the action taken by the county superintendent and the trustees was without authority of law, still the appellant was not entitled to the writ of mandamus. The issuance of a writ of mandamus is not a matter of course. It rests in the sound discretion of the court, subject to well-settled principles. This discretion will not be exercised in favor of one applying for the writ, unless some just purpose is to be subserved. The court will not lend its aid to the effectuation of a palpable injustice. The writ will not be granted unless the relator comes with clean hands. 18 R. C. L., page 138, par. 53.

The case of Effingham v. Hamilton, 68 Miss. 523, 10 So. 39, is illustrative of the principles in the case at bar. That was a case involving the legality of a county text book adoption. A committee, under the act of February 22, 1890, had been appointed to select text-books for the schools of the county, and had selected books published by the plaintiffs. The county superintendent of education refused to enter into a contract therefor as required by the statute. Afterwards, another commit-

tee, without authority of law, adopted other text-books, and the county superintendent contracted with these other publishers whose books were thereupon introduced into the schools. The plaintiffs applied for mandamus to compel the superintendent to contract with them. The court held that notwithstanding the clear legal right of the plaintiffs, and the unlawful conduct of the superintendent, the writ was properly refused, since to allow it would have seriously affected the public interests by changing the text-books in use. Among other things, the court, in its opinion, said: "But it is not in every case of clear legal right, and the absence of a sufficient legal remedy, and where, therefore, mandamus is an appropriate remedy, that it will be issued. It is settled by numerous decisions that a sound judicial discretion is to be used, and, where circumstances make it unwise and inexpedient to allow this writ, to refuse it when sought to enforce merely private right."

We are of the opinion that the appellant is in no position to attack the legality of the action of the county superintendent and the trustees in removing him from the school. He does not come with clean hands. He comes, according to the great preponderance of the evidence, as a violator of a criminal statute enacted for the conservation of the health and lives of the public.

Affirmed.