STATE EX REL. *v.* BOARD OF SUPERVISORS OF PRENTISS COUNTY

No. 40924 September 22, 1958 105 So. 2d 154

28

January 19, 1959 108 So. 2d 223

*Joe T. Patterson,* Attorney General, *G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellant.

*E. K. Windham, Donald Franks, Thomas Comer,* Booneville, for appellee.

GILLESPIE, J.

This case grew out of efforts to remove the Sheriff and Tax Collector of Prentiss County under the method prescribed by Chapter 188, Laws of 1956.

Petition was filed in the circuit court seeking a writ of mandamus requiring the board of supervisors to call an election as provided in Chapter 188, Laws of 1956, and to notify the election commissioners to do and perform the things required of them by law. It sought no relief against two of the board members, J. L. Sims and J. L. West, individually, since they had previously voted to call the election and have at all times been ready to vote for the election.

The petition alleged that on May 9, 1957, there was filed with the circuit clerk of the county a petition under Chapter 188, Laws of 1956, bearing date of March 11, 1957, seeking the removal of George W. Rutherford, Jr., Sheriff and Tax Collector; that the petition was forwarded to the Governor on May 20, 1957, and that the Governor issued a proclamation on May 24 reciting the facts and notifying Sheriff Rutherford that the Governor would receive any sworn statement in writing that the sheriff might care to make, provided same was delivered to the Governor before May 29, 1957, and that the Governor would proceed in accordance with the law to determine if the petition was valid and sufficient to convene a removal council, which proclamation was served on the sheriff; that Sheriff Rutherford responded by filing with the Governor certain written representations, and the proponents of the petition did likewise; that on May 29, after the Governor had heard and considered the matter, he issued a proclamation finding it to be a fact that thirty

percent of the qualified electors of Prentiss County had lawfully filed a valid petition praying for the removal of Sheriff Rutherford, and directing a removal council, composed of three Chancery Judges from districts of which Prentiss County was no part, to convene at the courthouse in Booneville, Prentiss County, Mississippi, to perform the duties required of the removal council. The proclamations referred to were made exhibits to the mandamus petition.

The petition for mandamus further alleged that the removal council convened in accordance with the proclamation and, after a hearing at which Sheriff Rutherford appeared and testified, entered a written order adjudging that the election should be held; that a certified copy of the judgment of the removal council was filed with the Board of Supervisors of Prentiss County at the July 1957 term of that board, and the Board of Supervisors had refused to call the election although two terms had passed since the certified copy of the order of the removal council was filed. A certified copy of the judgment by the removal council was attached to the petition.

The answer of the board of supervisors raised questions which need not here be stated, since those justifying consideration are discussed later herein.

The trial consisted largely of the admission of testimony tending to impeach the finding of the Governor that thirty percent of the qualified electors had signed the petition and in an attempt to show that the Governor and the proponents of the petition were guilty of fraud in connection with the said finding. All such evidence was admitted over the objection of the petitioner. At the conclusion of the taking of testimony, the defendants moved for judgment of dismissal as for non-suit under Code Section 1659. The Court had theretofore entered an order requiring the Attorney General, as petitioner in the case, to produce at a certain time and place and make available to the defendants, all records in the mat-

ter of the petition which were in possession of the Governor. The Attorney General did not produce said records and introduced correspondence between himself and the Governor showing that the Governor declined to release the records to the Attorney General. The court dismissed the case as a penalty for refusal of the Attorney General to comply with the court's order in reference to the Governor's records. It did not mention, but necessarily declined to grant, the motion of the petitioner to exclude all the evidence and order the writ of mandamus.

As we view the case in all its aspects, the principal questions before us for decision are these: (1) Whether the circuit court, in a mandamus proceeding to require the board of supervisors to call an election under Chapter 188, Laws of 1956, may inquire into the validity of the finding of the Governor that thirty percent of the qualified voters signed the removal petition, and (2) whether the constitutionality of Chapter 188, Laws of 1956, is before this Court for decision, and if so (3) whether the Act is constitutional.

██ When the certified copy of the judgment of the removal council, which was in all respects valid on its face, finding that there was substantial basis for the removal election consistent with the Act was filed with the board of supervisors, it became the official duty of the board of supervisors to call the election. There was no right or duty to inquire into the finding of the Governor that thirty percent of the qualified electors signed the removal petition, or whether the removal council's findings were valid. The board of supervisors had a ministerial, not a judicial or quasi-judicial, duty to perform. Their duty to act arose from the face of the judgment of the removal council.

██ In a mandamus proceeding, to require the board of supervisors, under Chapter 188, Laws of 1956, to perform their ministerial duty of calling the election in accordance with the general election laws of the State

of Mississippi in the matter of filling vacancies in county offices, it is not lawful to make any inquiry, the effect of which would be to review the finding of the Governor that thirty percent of the qualified electors signed the removal petition. Section 2(g) of the Act provides that the decision of the Governor as to whether or not any particular person was or was not a qualified voter at the time of signing the petition, or whether or not any particular person has since died, shall be final and shall not be subject to review. The Legislature in plain terms provided that the matters sought to be inquired into by the court below were not subject to review. The Governor's action in this matter was not made subject to review by charges of fraud. In McHenry v. State, 91 Miss. 562, 44 So. 831, and in Native Lumber Co. v. Board of Supervisors of Harrison County, 89 Miss. 171, 42 So. 665, and in State v. Board of Supervisors of Coahoma County, 91 Miss. 582, 3 So. 142, the election commissioners were charged with fraud. In all three cases, it was held that the courts could not go behind the face of the election returns. In the present case, the legislature left no doubt as to whether the decision of the Governor should be subject to review by providing that his decision should be final and not subject to review. The Act now under review also provides that all decisions of the removal council on any question, preliminary or final, shall not be subject to review, which means that in the mandamus proceedings in the court below, the court could not lawfully inquire into anything not appearing on the face of the judgment of the removal council or the Governor's findings.

Paraphrasing what Chief Justice Whitfield said in McHenry v. State, the determination of who was and who was not a qualified elector for the purpose of determining whether thirty percent of the qualified electors of the county had signed the removal petition was by the political department of the government—the legislature—expressly committed to the Governor, and that, too, with-

out appeal or review. And the same is true as to the matters committed to the removal council. Whether wise or unwise, the Act in question is political in nature and was enacted by the Legislature in the exercise of its plenary power.

 From what we have said, it follows that in the mandamus proceeding no testimony was admissible, and the scope of the circuit court's inquiry did not go beyond examination of the face of the findings of the Governor and the removal council; and since those findings were valid on their faces, no evidence was admissible, and the writ of mandamus prayed for should have been ordered unless Chapter 188, Laws of 1956, is unconstitutional, a question raised by appellees at every stage of this case.

 Without determining whether, in a case where the evidence would be admissible, the lower court could have ordered the Attorney General to produce for inspection, under Code Section 1659, the records of the Governor, it is clear that the court erred in dismissing the petition for failure of the Attorney General to produce said records for inspection by appellees. McHenry v. State, supra.

 Appellees also contend that the judgment of the removal council is void because, while the hearing was held at the county courthouse in Prentiss County, Mississippi, the final decision was reached and the judgment signed at Meridian, in Lauderdale County, Mississippi. This contention is without merit for several reasons. The hearing was held at the place designated by law. That is all the Act requires. It is not claimed that the sheriff sought to be removed, or anyone else, was denied an opportunity to be fully heard in the matter before the removal council. Moreover, the judgment is valid on its face and shows the hearing was held at the courthouse in Prentiss County.

 The next question is whether the constitutionality of the Act in question is before this Court for decision.

The posture of the case is somewhat unusual. When the court erroneously dismissed the case for the reasons stated, there was before it a motion by the petitioner for the exclusion of the evidence and for judgment ordering the writ of mandamus issued. The defendant had raised no issue that could lawfully be determined in defense of the petition except the unconstituality of Chapter 188, Laws of 1956. The denial of the writ and the dismissal of the petition was erroneous on the ground assigned by the lower court; however, if the lower court reached the right result in denying the writ and dismissing the case, this Court should affirm the judgment even if the lower court assigned erroneous reasons for its conclusions. Carney, et al. v. Anderson, et al., 214 Miss. 504, 58 So. 2d 13. ██ It follows that this Court must, when it finds the assigned grounds erroneous, look to the whole case and determine if any other ground for affirmance is present. Appellees had raised the question of the constitutionality of the Act. It was an issue of law properly developed and required no decision of a factual nature. Therefore, we must resolve the constitutional question, for if that issue should be resolved favorably to appellees it would result in affirmance.

██ There is another reason why we must resolve the constitutional question. Section 1962, Mississippi Code of 1942, provides that in case this Court reverses a judgment, "the Supreme Court shall render such judgment, sentence, or decree as the court below should have rendered, unless it be necessary, in consequence of its decision, that some matter of fact be ascertained, or damages be assessed by the jury, or where the matter to be determined is uncertain." Since there is no matter of fact to be ascertained, no damages to be assessed, and no uncertainty in the matter to be determined, we must resolve the constitutional question in order to follow this statute.

██ We hold that Chapter 188, Laws of 1956, is a constitutional exercise of the plenary power of the Legis-

lature in regard to a political question, validly enacted under Section 139 of the Constitution of Mississippi.

Appellees contend that the Act violates numerous sections of the Constitution, including Section 175. No public officer could be removed from public office except it be done under the provisions of Section 175 (by indictment and conviction for wilful neglect of duty or misdemeanor in office) so long as there was no act under Section 139 empowering the Governor to remove county or municipal officers under such regulations as may be prescribed by law. If any such act other than Chapter 188, Laws of 1956, has been passed since the adoption of the Constitution of 1890, it has not been called to our attention. We have no court decisions on any statute enacted under Section 139. This section was discussed in the case of Adams v. Kuykendall, 83 Miss. 571, 35 So. 830, which is of interest here as touching on the power of the Legislature over county and municipal affairs. See also Mississippi Constitutions, Ethridge, page 259.

Until the enactment of Chapter 188, Laws of 1956, prescribing the regulations under which the Governor may remove a county or municipal officer, the only method for removal of public officers was by indictment and conviction under Section 175, and this is still true as far as the courts are concerned. Cf. Mayor v. State, 102 Miss. 663, 59 So. 873. State v. Henderson, 166 Miss. 530, 146 So. 456. Section 139 was dormant power vested in the Legislature, notwithstanding Section 175, until the enactment of Chapter 118, Laws of 1956.

The Act under consideration prescribes a rather elaborate procedure to be followed before the Governor may, by proclamation, remove a county or municipal officer. There must be a finding by the Governor that the required number of qualified electors have signed the removal petition, a finding by a council of three chancellors after open hearing that there is substantial basis for calling the election consistent with the provisions of the

Act, the election, and provisions for appeal to determine if the election was lawfully held in compliance with the general election laws. The officer involved may be heard at every important step. If due process is involved, we cannot say it is not satisfied.

It has been uniformly held that every reasonable doubt should be resolved in favor of the constitutionality of legislative acts. We said in Knox, Attorney General v. Board of Supervisors of Grenada County, 141 Miss. 701, 105 So. 541, in a case involving Section 175 of the Mississippi Constitution, that if systems (acts) of the kind here involved are evil, or if they destroy local government in the counties and municipalities, that is a question to be settled at the ballot boxes between the people and the Legislature. And whether the law is needed or not, or whether it is wise or not, cannot be settled here. Our functions are to decide whether the Legislature had the power to act in passing the law and not whether it ought to have acted in the manner it did. The Court will uphold the Constitution in the fullness of its protection, but it will not and cannot rightfully control the discretion of the Legislature within the field assigned to it by the Constitution.

All contentions raised by the parties have been given careful consideration, but we have discussed only those which seem to merit discussion. For the reasons herein stated, the judgment of the lower court is reversed and judgment entered here directing the lower court to order the issuance of the writ of mandamus as prayed for in the petition.

Reversed and rendered.

All Justices concur.

## ON MOTION

On September 22, 1958, this Court decided this case and ordered a reversal with directions that the lower court issue the writ of mandamus as prayed for in the petition.

Because of failure of appellees to pay costs, the judgment of this Court was not certified to the lower court until November 10, 1958.

Appellant has filed a motion for the recall of the mandate certifying the judgment to the lower court and for the issuance of the writ of mandamus by this Court on the ground that the Judge of the Circuit Court of Prentiss County has declined to order the issuance of the writ of mandamus in vacation. Movant says that because of the nature of the case it is essential that the judgment of this Court be put into effect immediately.

The appellees have filed no answer to the motion.

 This court has the authority under State, ex rel v. Pigott, et al., 97 Miss. 599, 54 So. 257, to issue the writ out of this court as was done in that case. The opinion of this court on the merits directed "the lower court" to order the issuance of the writ of mandamus. State, ex rel v. Board of Supervisors of Prentiss County, Mississippi, 105 So. 2d 154. The Circuit Judge of Prentiss County undoubtedly understood that he could act under the mandate only in term time and for that reason has failed to order the issuance of the writ of mandamus in vacation. Because of the wording of our opinion, it can be understood that the Circuit Judge could reasonably reach that conclusion. However, this case was begun as a vacation matter under Section 1118, Mississippi Code of 1942. The petitioner complied with the provisions of Section 1141, Mississippi Code of 1942, for a trial in vacation, and that section provides that the judge of the circuit court shall have all the powers of a circuit court. Of course, all parties to a suit must follow the progress of the case, and no one is entitled to any notice under our mandate in this case before the circuit judge issues the writ of mandamus. The appellees in this case would not have been entitled to any additional notice if we had ordered the clerk of this court to issue the writ of mandamus, and they are not entitled to any notice before

the circuit judge orders the issuance of the writ. The opinion on the merits of this case shows that there is no judicial question to be decided by the trial judge or the trial court. The entering of the order for the issuance of the writ of mandamus amounts to nothing more than a ministerial act on the part of the circuit judge, and the circuit judge has had the power to act in vacation since our mandate went down, and still has the power.

Because of the nature of the proceedings, which involve the public interest, and in the interest of repose in the community involved, it is of public importance that the matter of the removal election proceed without delay, and the judicial department of the State should promptly employ its processes to that end. Cf. McHenry v. State, 91 Miss. 562, 44 So. 831; Native Lumber Co. v. Harrison County, 89 Miss. 171, 42 So. 665.

In view of the foregoing clarification of the opinion and judgment of this court which makes it clear that the Circuit Judge of Prentiss County now has the power to order issuance of the writ of mandamus in vacation, we decline to recall the mandate and order the clerk of this court to issue the writ of mandamus at this time. To do so would be an assumption on the part of this court that the circuit judge will not perform his duty, and there is nothing before us that would justify such assumption.

Motion to recall mandate and issue writ here held in abeyance.

All Justices concur.