195 So.2d 62 (1967)
W.L. "Leon" CHATHAM
v.
D.B. JOHNSON, County Superintendent of Education of Lauderdale County, Mississippi.
No. 44109.
Supreme Court of Mississippi.
January 3, 1967.
Suggestion of Error Overruled February 20, 1967.
*63 Thomas K. Holyfield, Meridian, for appellant.
Witherspoon & Compton, Meridian, for appellee.
INZER, Justice.
Appellant, W.L. Chatham, filed in the Circuit Court of Lauderdale County a petition for a writ of mandamus seeking to require appellee, D.B. Johnson, County Superintendent of Education for said county, to issue to petitioner a warrant or warrants upon the school funds of the county to pay petitioner $938.50 alleged to be due him as salary as elementary principal of Clarksdale School. The trial judge denied the writ and entered an order dismissing the petition, and we affirm that decision.
Appellant was employed by written contract to serve as elementary principal for the 1962-63 school year. This contract was entered into on July 13, 1962. Thereafter, while serving in such capacity, appellant was employed for the 1963-1964 school year by a contract entered into March 18, 1963. The length of the school term in both contracts was described as a period of twelve months. An annual salary was fixed to be paid in twelve installments. It was stipulated in both contracts that appellant was to perform such duties as required by law or the Board of Trustees of the district and to perform his duties in a satisfactory manner and in accordance with the policies, rules and regulations of the State Board of Education and the County Board of Education.
At the time these contracts were entered into the County Board of Education had on March 4, 1959, passed a regulation which stated:
30. Any employee under contract with the county board of education when qualified for a public office automatically is granted or required to take a leave of absence and that a qualified substitute approved by the County Superintendent of Education and County School Board be hired to take his place until said election or until contract expires.
Thereafter, on January 25, 1963, this regulation was amended by an order of the school board as follows:
Any employee under contract to the Lauderdale County School System announcing and/or qualifying for public office, is granted, or requested to take a leave of absence by the end of the current school year. A qualified substitute recommended *64 by the school principal, approved by the County Superintendent of Education and the County School Board, may be employed to take the said employee's place, if considered to be to the best interest of the school; further, any employee found neglecting their responsibility to the school as an employee of the school, in favor of compaigning, will be asked to resign the position.
In the Spring of 1963 appellant qualified as a candidate for County Superintendent of Education for Lauderdale County. Thereafter, on May 16, 1963, the Board of Education passed an order in which it found that appellant had qualified as a candidate for County Superintendent of Education and ordered a leave of absence for appellant beginning June 1, 1963, and extending to August 15, 1963, without pay. The order also granted appellant a vacation of two weeks with pay from June 1 to June 15, 1963, and further provided that if the appellant went into the second primary, the leave would be extended to the beginning of the school term. A copy of this order of the Board of Education was served on appellant. As a consequence of this order, appellant was not paid from June 15, 1963, until September 1, 1963, and it is for this period that he seeks to require the appellee, as County Superintendent of Education, to pay his salary from the school funds.
Appellee in his answer admitted that appellant had not been paid for this period and that he had refused to issue warrants for payment since the County Board of Education by its order prohibited him from doing so. Appellee pled as an affirmative defense that he could not issue the warrants until the order of the County Board of Education was rescinded. It was alleged, in effect, that this was a dispute between appellant and the County Board of Education and that appellant was attempting to have the court settle this dispute without the County Board of Education being made a party to the suit. It was further alleged that if the writ was issued without the County Board of Education being a party in the proceedings, it would place appellee in an untenable position since he would be making the payment without the order of the County Board of Education being legally rescinded. It was further alleged that under such circumstances a writ of mandamus would not lie unless the County School Board, a necessary party, was joined.
Appellant answered the affirmative defense and denied that the Board of Education had authority to adopt any policy or directive contrary to the provisions of Mississippi Code Annotated section 6282-14 (Supp. 1964). That statute provides that a teacher who teaches the full school year shall be entitled to receive the full number of payments called for in the contract of employment without regard to his activity at the time his services are not required by the school. He also alleged that he had performed all the duties required by him during the time school was not in actual session.
Appellant assigns as error the action of the trial court in refusing to grant the writ of mandamus. In support of this assignment of error, appellant contends that the County Board of Education was without authority to enter an order denying him his pay since the proof shows that he performed all of the duties required by his contract during this period. He also contends that the order of the board is in violation of section 6282-14, supra, and for this reason is void.
The trial judge did not render a written opinion, and the order denying the writ does not state the reasons therefor. However, if the action of the trial judge can be upheld for any reason, we must affirm.
After careful consideration we are of the opinion that the trial judge did not abuse his discretion in refusing to issue the writ. We have held in numerous cases that granting or refusing to grant a writ is a matter of discretion with the trial judge. This discretion is not arbitrary but is a judicial discretion to be exercised *65 on equitable principles and in accordance with well-settled principles of law. The judge in exercising this discretion should take into consideration the variety of circumstances determining whether the writ should issue. He should consider, among other things, the facts of the particular case, the consequences of granting the writ and the nature and extent of the wrong which would result from the refusal to grant the writ. Wood v. State ex rel. Gillespie, 169 Miss. 790, 142 So. 747 (1932); Board of Supervisors Prentiss County v. Mississippi State Highway Comm'n, 207 Miss. 839, 42 So.2d 802 (1949).
The county superintendent of education is the acting secretary of the county board of education, but he has no vote in the proceedings and no voice in fixing the policies of the board. In addition to the other duties prescribed by law he is required to perform such duties as may be required by the county board of education. Miss. Code Ann. § 6274-05 (Supp. 1964).
The county board of education has control of the county school funds, and the county superintendent of education is authorized by statute to pay only such claims as may be allowed and approved by the county board of education. However, the statute does provide that he may pay teachers' salaries when the amount is fixed by contract without the allowance thereof of the county board of education "provided that the payment thereof is otherwise in conformity with law." Miss. Code Ann. § 6274-04 (Supp. 1964). (Emphasis added.)
The Lauderdale County schools outside the Meridian Separate School District are operated as a unit. The Lauderdale County Board of Education is charged by law with the general management and control of these schools. It has the power and authority to enforce such rules for the management of the schools as it may deem necessary, so long as said rules are not in conflict with the law or the regulations of the State Board of Education or the State Educational Finance Commission.
The County Superintendent here involved had no control over the actions of the County Board of Education, and he could not rescind the order of the Board. It is apparent that in order for the trial court to have granted the writ in this case it would have been necessary to determine that the order of the Board granting the leave of absence was void. The County Board of Education was not a party, and the court's decision in this regard would not have been binding on the Board. This would have left the County Superintendent of Education in a precarious situation. He would have faced the possibility of further litigation about this same matter. Under these circumstances we cannot say that the trial judge abused his discretion in denying the writ. The writ of mandamus will not issue in every case even where there is a clear legal right. Where the circumstances make it unwise or inexpedient to allow the writ, the court in its discretion may refuse to issue the writ. This is especially true when it is sought to enforce a private right. Overstreet v. Lord, 160 Miss. 444, 134 So. 169 (1931).
We are further of the opinion that the County Board of Education had the authority to require a teacher to take a leave of absence without pay during the time such teacher is engaged in a political campaign. Few cases have been decided on this point, and none have been decided by this Court. The Indiana Supreme Court had this identical question before it in the case of School City of East Chicago v. Sigler, 219 Ind. 9, 13, 36 N.E.2d 760, 762, 136 A.L.R. 1149, 1152 (1941), wherein that Court said:
It will be conceded that he has the same privilege as any other citizen to become a candidate for public office. Such candidacy should not be and is not ground for cancellation of his contract as a permanent teacher. But anyone who has been a candidate recognizes that political activity is apt to interfere with one's usual avocation and this fact, *66 independent of any possible involvement of the school system in political controversies, affords a sound reason for a temporary severance of the candidate's connection with the schools. This rule, general in terms and applying to all teachers, does not to us seem such an unreasonable exercise of the board's powers as to warrant judicial interference. The board, not the courts, is charged with the duty of managing the school system and so long as it acts with fairness its decisions on matters within its discretion are not subject to judicial review.
We think this is a correct statement of the law.
Appellant admits that at the time he became a candidate he was aware that under the order of the County Board of Education he could be required to take a leave of absence without pay during the time he was campaigning for public office. The record also shows that the Board applied the requirement to another teacher who became a candidate. It is not charged that the County Board of Education did not apply this regulation fairly or that it abused its discretion in taking this action. Appellant argues that he performed all the duties he was required to perform under his contract and therefore under the provisions of section 6282-14, supra, is entitled to be paid for the full twelve months. This section reads as follows:
A superintendent, principal or teacher who completes the entire scholastic year shall be entitled to payment for the full number of monthly payments provided by the contract without regard to his activity at the time when his services are not required by the school.
The proof shows that appellant as principal of the Clarksdale School was required to perform duties during the summer months while classes were not being held. Appellant contends that although he was ordered to take a leave of absence, he performed all the duties required of him during the summer months. He does not contend that he performed any of these duties with the knowledge and consent of the County Board of Education. The evident purpose of requiring him to take a leave of absence was to avoid the involvement of the school system in political controversies. The County Board of Education had the power to require appellant to take a leave of absence without pay, and if he performed any duties during this period, he did so as a volunteer. As such, he was not entitled to pay as a matter of right.
For reasons stated we are of the opinion that the trial judge did not abuse his discretion in refusing to allow the writ of mandamus to issue in this case. Therefore this case is affirmed.
Affirmed.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.