# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00366-COA

WENDELL DUNCAN A/K/A WENDELL AVERY DUNCAN                      APPELLANT

v.

RANIECE MATTHEWS, LATRESIA STEWART,                      APPELLEES
RICHARD PENNINGTON, MISSISSIPPI
DEPARTMENT OF CORRECTIONS, AND
STATE OF MISSISSIPPI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/10/2016 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WENDELL DUNCAN (PRO SE) |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:    JAMES M. NORRIS |
| |         DARRELL CLAYTON BAUGHN |
| | ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DISMISSED COMPLAINT |
| DISPOSITION: | REVERSED AND REMANDED - 07/18/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

      **EN BANC.**

      **GREENLEE, J., FOR THE COURT:**

¶1.     Wendall Duncan appeals from the Rankin County Circuit Court's dismissal of his civil complaint. The circuit court held that service of process was not perfected within the 120 days allowed and that Duncan failed to show good cause why service was not made. Duncan's motion for a writ of mandamus, filed before 120 days had elapsed, indicated that he elected that service should be made by the sheriff. After the motion for a writ of

mandamus was filed, the circuit clerk failed to deliver summonses and copies of the complaint to the sheriff for service. As it is apparent that Duncan showed good cause why service was not timely accomplished, and as such service by the sheriff was apparently the only way for Duncan to perfect service, we reverse and remand.

## FACTS AND PROCEEDINGS BELOW

¶2. On October 29, 2015, Duncan filed a pro se complaint in the circuit court against the appellees. In his complaint, Duncan asserted that he was incarcerated. With his complaint, Duncan submitted a summons and an application to proceed in forma pauperis. The circuit clerk subsequently issued the summons and returned it by mail to Duncan. On November 9, 2015, the circuit court found that Duncan should be allowed to proceed in forma pauperis, which the circuit clerk's office filed on the same day.

¶3. On January 4, 2016, the circuit clerk received correspondence from Duncan with a copy of the summons attached. In the correspondence, Duncan asked, "I would like to know have the defendants been served with the summons?" The circuit clerk replied to Duncan's inquiry with a letter dated January 11, 2016, in which the clerk informed Duncan that "[t]he summons that you sent to the [c]lerk's [o]ffice was issued and sent back to you for service. The [c]lerk's office does not serve summons[es]." The clerk's letter was addressed to "Wendell Duncan, #32726, S.M.C.I., P.O. Box 1419, Leakesville, Ms [sic] 39451."

¶4. On January 22, 2016, in response to the letter from the clerk's office, Duncan filed a Motion for Writ of Mandamus with the Rankin County Circuit Clerk asking the court to "order the [c]ircuit [c]lerk to issue the summonses to the sheriff, to serve the defendants." In

2

his motion he stated that the appellees should have been served by that time and asserted that they would have been served "if the [c]ircuit [c]lerk had promptly issued process and delivered it to the sheriff." The motion was stamped by the circuit clerk's office and filed on January 22, 2016. On March 10, 2016, the circuit clerk's office received correspondence from Duncan that stated, in pertinent part, "If you are not going to give my complaint and summons to the sheriff for delivering, please inform me of what you have did [sic]." On that same day, Duncan moved for a writ of mandamus with the Mississippi Supreme Court requesting it to order the circuit court to make a ruling on his motion for a writ of mandamus with that court.

¶5.    On March 24, 2016, the circuit clerk received further correspondence from Duncan in which he asserted the clerk was not cooperating and asked whether the clerk was going to "issue this process to the sheriff to serve the defendants." On May 2, 2016, the circuit clerk received a letter from the Clerk of the Mississippi Supreme Court seeking the circuit court's response to Duncan's motion for a writ of mandamus.

¶6.    On May 6, 2016, the circuit court issued an order sua sponte concerning Duncan's complaint. The court found that service of a summons was not made upon the appellees within 120 days of the filing of Duncan's complaint. Further, the circuit court ordered Duncan to show within thirty days good cause why service of a summons and the complaint was not made on any of the appellees within the 120-day period. On the same day, the circuit court issued an order denying Duncan's motion for a writ of mandamus, finding that Duncan never elected to have the clerk deliver summonses to the sheriff for service.

¶7. On May 16, 2016, the circuit court received a copy of an order from the Mississippi Supreme Court dismissing Duncan's motion for a writ of mandamus as moot, given the circuit court's order denying Duncan's motion for a writ of mandamus filed with the circuit court.

¶8. On May 23, 2016, Duncan moved for reconsideration of the circuit court's order. On June 10, 2016, the circuit court denied Duncan's motion for reconsideration. That same day, the court issued a judgment of dismissal, having found that Duncan did not show good cause within thirty days as to why service of a summons and the complaint was not made on any of the appellees within 120 days of filing the complaint. On June 21, 2016, Duncan appealed the circuit court's judgment to this Court.

**DISCUSSION**

¶9. A trial court's grant or denial of a motion to dismiss is reviewed de novo; however, fact-based findings are reviewed on an abuse-of-discretion basis, looking to whether there was substantial evidence supporting the determination. *Lewis v. Forest Family Practice Clinic P.A.*, 124 So. 3d 654, 656 (¶7) (Miss. 2013).

¶10. On appeal, Duncan asserts the circuit clerk should have issued summonses to the sheriff to deliver to the appellees after he requested the same.

¶11. Mississippi Rule of Civil Procedure 4(h) states that a plaintiff has 120 days to serve a summons and the complaint upon a defendant. Further, Rule 4(h) states that if service is not perfected within the 120-day period, and the party upon whose behalf service was required does not show good cause why such service was not made within that period, the

action shall be dismissed without prejudice.

¶12. Rule 4(a)(1)(B) states that the clerk shall "[d]eliver the summons to the sheriff of the county in which the defendant resides or is found for service" "at the written election of the plaintiff." M.R.C.P. 4(a)(1)(B).

¶13. On January 22, 2016, Duncan filed a motion for a writ of mandamus with the circuit-court clerk. A writ of mandamus is a command issued from a court and directed to "a lower court or governmental officer or body." Black's Law Dictionary (9th ed. 2009). Here, Duncan moved for the circuit court to order the circuit clerk to deliver summonses and the complaint to the sheriff so that service could be perfected. The circuit court did not so order, nor did the circuit clerk deliver the requested summonses to be served.

¶14. "The plaintiff bears the burden to demonstrate good cause for a failure to serve process in a timely manner." *Copiah Cty. Sch. Dist. v. Buckner*, 61 So. 3d 162, 166 (¶14) (Miss. 2011). Good cause is likely to be found when the plaintiff's failure to perfect service is the result of a third person's conduct, the defendant has evaded service of process or engaged in misleading conduct, the plaintiff has acted diligently in trying to perfect service, there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis. *Id*. at (¶15).

¶15. Here, Duncan filed his complaint on October 29, 2015. Therefore, he had 120 days or until approximately February 26, 2016, to perfect service upon the appellees. Based on our review of the record, the circuit clerk was first made aware of Duncan's desire to have service perfected by the sheriff by his writ of mandamus filed and stamped by the circuit

5

clerk on January 22, 2016, before the 120 days had run. Here, Duncan gave notice of his written election through the language of his mandamus motion, and Duncan was proceeding in forma pauperis and pro se from the custody of the Mississippi Department of Corrections. The circuit clerk should then have delivered summonses and copies of the complaint to the sheriff for service. Given that Duncan was incarcerated and proceeding in forma pauperis, it is highly unlikely Duncan could have perfected service unless he had done so through the sheriff.

¶16.    The circuit clerk—a third party—did not deliver summonses and copies of the complaint to the sheriff for service. Duncan, being incarcerated, had no other available means of perfecting service. Duncan also was proceeding both in forma pauperis and pro se. We find that the circuit court did not have substantial evidence for its finding of no good cause for Duncan's failure to perfect service within the 120-day period. Therefore, the circuit court erred in finding that Duncan did not show good cause as to why service should be allowed to be perfected outside of the 120-day period. We further find that Duncan elected under Rule 4(a)(1)(B) for the sheriff to be delivered summonses and copies of the complaint to effect service of process.

## CONCLUSION

¶17.    We reverse the judgment of the circuit court dismissing Duncan's complaint for failure to perfect service upon the appellees, and remand for further proceedings consistent with this opinion.

¶18.    **REVERSED AND REMANDED.**

6

**IRVING AND GRIFFIS, P.JJ., ISHEE, WILSON AND WESTBROOKS, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., BARNES AND FAIR, JJ.**

**CARLTON, J., DISSENTING:**

¶19. I respectfully dissent from the majority's opinion. Duncan failed to properly serve his complaint upon MDOC and all other parties as required by Rule 4(h) of the Mississippi Rules of Civil Procedure. In addition to failing to serve summonses and copies of the complaint within 120 days from the date of filing, Duncan failed to file a motion to seek an extension of time to effect service pursuant to Rule 6(b)(2) of the Mississippi Rules of Civil Procedure. Duncan then failed to show good cause as to why he had not timely served process. As a result, I find no error in the trial court's dismissal of Duncan's complaint without prejudice.

**LEE, C.J., BARNES AND FAIR, JJ., JOIN THIS OPINION.**