# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00205-COA

**TIMOTHY GENE PRYER A/K/A TIM A/K/A**     **APPELLANT**
**TIMOTHY PRYER A/K/A TIMOTHY G. PRYER**

**v.**

**CAROL GATES, IN HER OFFICIAL CAPACITY**     **APPELLEES**
**AS CIRCUIT CLERK OF ITAWAMBA COUNTY,**
**AND CHRIS DICKINSON, IN HIS OFFICIAL**
**CAPACITY AS ITAWAMBA COUNTY SHERIFF**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/26/2018 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY GENE PRYER (PRO SE) |
| ATTORNEYS FOR APPELLEES: | ARNULFO URSUA LUCIANO |
| | DANIEL JUDSON GRIFFITH |
| | BETHANY ANN TARPLEY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED, RENDERED, AND REMANDED - 03/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     After filing suit under the Mississippi Public Records Act in the Itawamba County Chancery Court, Timothy Gene Pryer, pro se, filed a petition for writ of mandamus to compel the Itawamba County Sheriff's Department to serve process on the public officials he had named in his lawsuit. The chancery court transferred Pryer's mandamus petition to the Itawamba County Circuit Court, where it was dismissed without prejudice. Although the chancery court, in its transfer order, explicitly retained jurisdiction over Pryer's public

records action pending before it, the circuit court also dismissed that action. Pryer appealed.

¶2. For the reasons stated below, we reverse the circuit court's order dismissing Pryer's mandamus petition and render judgment directing the circuit court to order the issuance of the writ of mandamus as prayed for in Pryer's petition. We also find that the portion of the circuit court's order dismissing Pryer's chancery court public records action is a nullity because the circuit court exceeded the scope of the jurisdiction conferred upon it by the chancery court's transfer order. If still necessary, the public records action is reinstated in the chancery court.

## FACTS AND PROCEDURAL HISTORY

¶3. This appeal comes from a succession of filings by Pryer seeking public records related to his prosecution and conviction for sexual battery. Pryer sought the name of the other defendants who were arraigned at the same time he was arraigned. Pryer's first request for this information was through a document he titled "Request for Judge's Order" filed in the Itawamba County Circuit Court. The circuit court denied this request on June 1, 2011, stating that no such documents existed. Pryer filed additional motions requesting the same information, and on January 30, 2012, the circuit court entered an order denying Pryer's motion, explaining that the documents were "not contained in the Circuit Clerk's file" and that "[t]his motion contains the exact same requests as the previously filed motions."

¶4. Pryer appealed this denial, and this Court affirmed the circuit court's ruling. *Pryer v. State*, 139 So. 3d 719 (Miss. Ct. App. 2013). We held that "we have no reason to believe

2

that any such documents do exist. It further appears that Pryer is merely on a 'fishing expedition' for grounds upon which to attack his conviction and sentence." *Id.* at 721 (¶5).

¶5.    The Mississippi Supreme Court granted certiorari and affirmed the circuit court's ruling. *Pryer v. State*, 139 So. 3d 713 (Miss. 2014). Additionally, the supreme court stated, referencing the Mississippi Public Records Act, Miss. Code Ann. § 25-61-13(1)(a) (Rev. 2010), that "[t]he statute provides parties aggrieved by the denial of public records the option of filing suit in the chancery court as a means of seeking relief." *Id.* at 715 (¶7) (emphasis omitted). Continuing, the supreme court said:

> If Pryer so desires, he may, pursuant to the statute, institute a suit in the Chancery Court of Itawamba County. Nothing in the Court of Appeals decision or in the order of the circuit court prevents his doing so, and this Court's ruling today does not impede Pryer's statutory right to file such an action, should he choose to do so.

*Id.* 715-16 (¶7) (footnote omitted).

¶6.    In July 2013, Pryer filed a public records action in the Itawamba County Chancery Court. *See* Miss. Code Ann. § 25-61-13. This complaint is not in the record, but the pleadings Pryer filed in the same action indicate that the Itawamba County Circuit Court Clerk, Carol Gates, and the Itawamba County Sheriff, Chris Dickinson, were named as defendants in this action, among other defendants who were later dismissed. The chancery clerk issued summonses and returned them to Pryer to serve via mail. The defendants did not answer. In September 2013, the chancery clerk sent the summonses and copies of the complaint to the Itawamba County Sheriff's Department to serve. According to Pryer, this

3

was never done.

¶7.    Pryer had the summonses reissued in March 2016 and again tried to serve the defendants by mail. No one answered. Finally, in June 2016, the chancery clerk's office contacted the constable to serve process, but according to Pryer this was not done.

¶8.    In February 2017, Pryer filed a "Petition for Writ of Mandamus" (mandamus petition) with the chancery court to compel the constable or sheriff's department to "do [their] duty" and serve defendants Gates and Dickinson with a summons and complaint. In response, the chancery court, sua sponte, severed Pryer's mandamus petition from his public records action and transferred the mandamus petition to the Itawamba County Circuit Court. As the chancery court explained in its transfer order, the mandamus petition requested relief that only the circuit court could provide, namely, to compel the constable and/or sheriff to do his/her duty. The chancery court made clear, however, that it "specifically retain[ed] jurisdiction of this cause and its other pleadings, which include (but are not limited to) the original Complaint, the Amended Complaint, and [the circuit court's] Motion to Dismiss and for Entry of Rule 54(b) Judgment."

¶9.    A special judge was appointed for the exclusive purpose of adjudicating the mandamus petition. The circuit court dismissed the mandamus petition without prejudice and also dismissed Pryer's motion for public records, despite the chancery court having specifically retained jurisdiction of that motion in its transfer order.

¶10.    After the denial of his motion to reconsider, Pryer filed his notice of appeal on January

4

22, 2019, appealing the denial of the mandamus petition. Pryer's appeal was docketed as "*Pryer v. State of Mississippi*," which was also the caption on Pryer's and the State's appellate briefs. The only parties in the appeal were Pryer and the State, with the State being the sole appellee.

¶11. In its appellee's brief, the State asserted that it was not a proper party and that the Court did not have jurisdiction over the appeal. On May 4, 2020, this Court issued an en banc order substituting the current parties (appellees Carol Gates, Circuit Clerk of Itawamba County, and Chris Dickinson, Sheriff of Itawamba County) and instructing the parties to brief all issues including, but not limited to, "whether the judgment appealed from was a final, appealable judgment, and whether this Court has jurisdiction to hear this appeal." The substitution took place, and after an unsuccessful attempt at mediation, supplemental briefing was completed in late September 2020.

¶12. On appeal, Pryer asserts that the circuit court abused its discretion in denying his mandamus petition and that the circuit court was without jurisdiction to rule upon and dismiss his public records action pending in the Itawamba County Chancery Court.

**STANDARD OF REVIEW**

¶13. The supreme court set forth the standard for review of the grant or denial of a mandamus petition in *Chatham v. Johnson*, 195 So. 2d 62 (Miss. 1967), as follows:

> We have held in numerous cases that granting or refusing to grant a writ is a matter of discretion with the trial judge. This discretion is not arbitrary but is a judicial discretion to be exercised on equitable principles and in accordance with well-settled principles of law. The judge in exercising this discretion

should take into consideration the variety of circumstances determining whether the writ should issue. He should consider, among other things, the facts of the particular case, the consequences of granting the writ and the nature and extent of the wrong which would result from the refusal to grant the writ.

*Id.* at 64-65.

## DISCUSSION

### I. Appealability of the Circuit Court's Order

¶14. Given the somewhat unique circumstances of this case, we begin by addressing the appealability of the circuit court's order. A decision granting or denying a mandamus petition is appealable and subject to an abuse-of-discretion standard of review. *Id.* In this case, the chancery court's "Order Transferring Petition for Writ of Mandamus" shows that the *only* directive to the circuit court upon transfer was to address Pryer's mandamus petition. In that petition, Pryer was requesting that the court compel the Itawamba County Sheriff to execute process on the named defendants in Pryer's public records action pending in the chancery court. The circuit court had jurisdiction as to this issue pursuant to state law. *See* Miss. Code Ann. § 11-41-1 (Rev. 2019) ("[O]n the complaint of any private person who is interested, the judgment shall be issued by the circuit court, commanding any . . . officer, or person to do or not to do an act the performance or omission of which the law specifically enjoins as a duty resulting from an office, trust, or station . . . ."); *Jackson Cnty. Sch. Bd. v. Osborn*, 605 So. 2d 731, 733 (Miss. 1992) ("[T]he circuit court clearly has jurisdiction over mandamus actions.").

¶15. Regarding the circuit court's decision on the public records action, however, we find that the circuit court's ruling on this issue was beyond the limited jurisdiction conferred upon the circuit court by the chancery court's transfer order, in which that court explicitly retained jurisdiction of the public records action. Indeed, Pryer and the appellees agree that the circuit court's decision on this issue is void. "A judgment is deemed void if the court rendering it lacked jurisdiction." *Clark v. Clark*, 43 So. 3d 496, 501 (¶21) (Miss. Ct. App. 2010) (citing *Morrison v. Miss. Dep't of Human Servs.*, 863 So. 2d 948, 952 (¶13) (Miss. 2004)). Because the circuit court exceeded the scope of the jurisdiction conferred upon it by the transfer order, its dismissal of the public records action is a nullity and is void. *Id.* As such, the circuit court's dismissal of Pryer's mandamus petition is the only determination before this Court and is an appealable decision.[1]

## II. Dismissal of the Mandamus Petition

¶16. Pryer asserts that the circuit court abused its discretion in dismissing his mandamus petition and failing to grant the relief he requested. We agree.

¶17. "A petition for writ of mandamus is a procedural tool [through which] a party can seek unilaterally to prompt officials to perform their required duties when they fail to act." *Powell*

---

[1] We recognize that although the dismissal of Pryer's mandamus petition was without prejudice, the decision is an appealable judgment because the judgment disposed of the only issue properly before it. *See BellSouth Pers. Commc'ns LLC v. Bd. of Sup'rs of Hinds Cnty.*, 912 So. 2d 436, 442-43 (¶¶21-23) (Miss. 2005) (recognizing that "a case may be dismissed without prejudice but still have the same effect of a dismissal with prejudice as far as finality for appeal purposes").

*v. Mun. Election Comm'n of Town of Isola*, 156 So. 3d 250, 254 (¶13) (Miss. 2014). A mandamus petition "can direct an official or commission to perform its official duty or to perform a ministerial act[.]" *Hinds Cnty. Democratic Exec. Comm. v. Muirhead*, 259 So. 2d 692, 695 (Miss. 1972). A ministerial duty is a duty that is "positively designated by statute, ordinance, or regulation." *J.E. v. Jackson Pub. Sch. Dist.*, 264 So. 3d 786, 791 (¶13) (Miss. Ct. App. 2018).

¶18. In *Bennett v. Board of Supervisors of Pearl River County*, 987 So. 2d 984, 986 (¶6) (Miss. 2008), the supreme court recognized "four essential elements [must] coexist before a writ of mandamus may issue," as follows:

> (1) [T]he petitioner must be authorized to bring the suit, (2) there must be a clear right in petitioner to the relief sought, (3) there must exist a legal duty on the part of the defendant to do the thing which the petitioner seeks to compel, and (4) there must be no other adequate remedy at law.

"In addition to the 'four essentials,' petitioners for writs of mandamus must also show that they have an interest 'separate from or in excess of that of the general public' in order to have standing to seek the writ." *Id.* (quoting *Aldridge v. West*, 929 So. 2d 298, 302 (¶15) (Miss. 2006)). In other words, a petitioner must show he has standing to seek the writ of mandamus. *Id.* We find that these elements are present in this case.

¶19. Pryer's standing to seek the writ of mandamus and his "authori[ty] to bring the suit" under the first element of the test are plainly met. Pryer's mandamus petition requested that the court require the Itawamba County Sheriff to serve summonses upon the public officials that he had named as defendants in his public records action, namely Gates and Dickinson.

8

Pryer was authorized and had standing to seek mandamus on his own behalf to have process executed. *See* Miss. Code Ann. § 11-41-1; *see also* M.R.C.P. 4(c)(2) (delineating a sheriff's duty to execute process upon "the request of a party seeking service").

¶20.    Pryer also had a "clear right" to the relief requested, as required under the second element of the mandamus test. According to the unchallenged allegations of Pryer's mandamus petition, he had a right to relief, as he had properly sought issuance and service of process pursuant to Mississippi Rule of Civil Procedure 4.

¶21.    The third element requires that the sheriff have a "legal duty" to execute process and that to do so is a ministerial duty. This element is met. A sheriff is required by law to execute process. Pursuant to Mississippi Rule of Civil Procedure 4(c)(2), "[a] summons and complaint shall, at the written request of a party seeking service or such party's attorney, be served by the sheriff of the county in which the defendant resides or is found . . . ." *See* Miss. Code Ann. § 19-25-37 (Rev. 2012) ("Every sheriff, by himself or his deputy, shall from time to time execute all notices, writs, and other process, both from courts of law and chancery, and all orders and decrees to him legally issued and directed within his county, and he shall make due returns thereof to the proper court."); *see also Duncan v. Matthews*, 235 So. 3d 202, 204-05 (¶¶15-16) (Miss. Ct. App. 2017) (reversing when the sheriff refused to serve process per an inmate's request). In accord with *Duncan*, service must be perfected, whether by the sheriff or other authorized official. *See* Miss. Code Ann. § 13-3-81 (Rev. 2019) (providing that service can be by "any justice court judge of the county" if the sheriff is a

9

party or otherwise interested in the suit); Miss. Code Ann. § 19-19-5(1) (Rev. 2012) (providing that a "constable is authorized to serve process issued by any county, chancery or circuit court"). Moreover, because this function is "positively designated . . . by statute," it is a ministerial act of the sheriff. *Jackson Pub. Sch. Dist.*, 264 So. 3d at 791 (¶13); *Powell*, 156 So. 3d at 254 (¶13); *City of Greenwood v. Provine*, 143 Miss. 42, 108 So. 284, 286 (1926) ("[M]andamus will . . . lie . . . to compel an officer to perform a mandatory duty of his office.").

¶22. The fourth element requires that Pryer have no other adequate remedy at law. The record reflects that this element is likewise present here. Pryer had been seeking to have process served on Gates and Dickinson since he filed his complaint under the Mississippi Public Records Act in July 2013.

¶23. Accordingly, for the reasons stated, we reverse the circuit court's dismissal of Pryer's mandamus petition, and judgment is entered here directing the circuit court to order the issuance of the writ of mandamus as prayed for in Pryer's petition. *See State ex rel. Patterson v. Bd. of Sup'rs of Prentiss Cnty. (Patterson I)*, 234 Miss. 26, 39, 105 So. 2d 154, 160 (1958) (reversing the circuit court's decision on writ of mandamus and rendering judgment directing the circuit court to "order the issuance of the writ of mandamus as prayed for in the petition"); *see also State ex rel. Patterson v. Bd. of Sup'rs of Prentiss Cnty.*, 234 Miss. 26, 40, 108 So. 2d 223, 223 (1959) (approving *Patterson I* disposition, recognizing that the appellate court may reverse and render, directing the circuit court to issue writ of

mandamus). Further, the public records action is reinstated in the chancery court (if necessary) because, as we found above, the circuit court exceeded the scope of the jurisdiction conferred upon it by the chancery court's transfer order when it dismissed that action.

¶24. **REVERSED, RENDERED, AND REMANDED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J. NOT PARTICIPATING.**

11