571 So.2d 237 (1990)
Paul Kelly LOYACONO
v.
John Edward ELLIS. Paul Kelly Loyacono (re Michael Freeman)
v.
State of Mississippi.
Nos. 89-CA-0496, 07-KA-58827.
Supreme Court of Mississippi.
November 7, 1990.
Paul Kelly Loyacono, Vicksburg, pro se.
Jerry L. Mills, Pyle Dreher Mills & Woods, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Robert E. Sanders, Sp. Asst. Atty. Gen., Jackson, for appellee in No. 89-CA-0496.
Mike C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Donald G. Barlow, Sp. Asst. Atty. Gen., Jackson, for appellee in No. 07-KA-58827.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
BLASS, Justice, for the Court:
Appellant, Paul Kelly Loyacono, filed suit against the appellee, Circuit Judge John Edward Ellis, in the Circuit Court of Warren County, Mississippi, on February 14, 1989. Loyacono contended that as a direct and proximate result of the willful, intentional or negligent acts of Ellis, he was falsely prosecuted, arrested, incarcerated and denied due process.
Joseph S. Zuccaro, Special Circuit Court Judge, heard the case and sustained Ellis's motion to dismiss on March 22, 1989. The learned judge reasoned that although Judge Ellis may have erred in refusing Loyacono's motion, it did not excuse Loyacono's disobeying the judge's order and that Judge Ellis was entitled to the protection of judicial immunity. Additionally, Judge Zuccaro was of the opinion that the doctrine of judicial immunity protects a judge even if he is motivated by malice or corruption.
This case is centered around alleged animosity existing between Loyacono and Judge Ellis which is evidenced by the following facts. The complaint alleged that on September 2, 1987, Judge Ellis ordered Loyacono to represent Michael Freeman on charges of capital murder and rape. The day after his appointment Loyacono filed a motion to set aside the order, but Ellis reaffirmed.
On September 10, 1987, Loyacono filed a motion for reconsideration. At the hearing on that motion, Judge Ellis allegedly manifested personal animosity toward Loyacono evidenced by Ellis's participation as a witness, judge and attorney. Judge Ellis overruled *238 the motion and Loyacono subsequently perfected his appeal. Supersedeas was not asked for in the trial court or here.
On February 22, 1988, Judge Ellis scheduled the arraignment of Freeman in the circuit court and advised Loyacono to make an appearance which he did not do. Ellis then ordered Loyacono's arrest and had him brought to the court room, where Loyacono reminded Judge Ellis of the appeal of the appointment order to the Supreme Court. Ellis immediately ordered Loyacono incarcerated for an indefinite time in the Warren County Jail. A short time thereafter, Ellis was presented with and denied a written motion for bond and notice of appeal. Loyacono was released the next day upon this Court's order.
Loyacono contends that the trial judge erred in granting Ellis's motion to dismiss. The lower court found that Judge Ellis was entitled to the protection of judicial immunity and then added that the doctrine of judicial immunity protects a judge of a court such as the Circuit Court of Warren County even though that judge may be motivated by malice or corruption.
The United States Supreme Court addressed judicial immunity in Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). In Stump, an Indiana circuit court judge approved a mother's petition to have her "somewhat retarded" minor daughter sterilized. Stump, 435 U.S. at 351, 98 S.Ct. at 1102, 55 L.Ed.2d at 336. It as not until after she was married some two years later that the daughter learned the true nature of the operation, and upon discovery both she and her husband sued the judge, among others. Id. at 353, 98 S.Ct. at 1103, 55 L.Ed.2d at 337. The Court addressed the doctrine of judicial immunity and held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Id. at 355-56, 98 S.Ct. at 1104, 55 L.Ed.2d at 338 (quoting Bradley v. Fisher, 13 Wall 335, 347, 20 L.Ed. 646 (1872)). There is a distinction between excess of jurisdiction and a complete absence of jurisdiction. See Bradley, 13 Wall at 351-52, 20 L.Ed. at 651. In order to determine the existence of judicial immunity one must look to "whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him." Stump, 435 U.S. at 356, 98 S.Ct. at 1105, 55 L.Ed.2d at 339.
This Court recognized judicial immunity and cited Bradley with approval in DeWitt v. Thompson, 192 Miss. 615, 7 So.2d 529 (1942) as follows:
In [Bradley] the [United States Supreme Court] went farther, and held that courts of general jurisdiction are not liable to civil actions for their judicial acts, when such acts are in excess of their jurisdiction, and are charged to have been done maliciously or corruptly. We do not go that far in this case, because, as stated, there was no showing of either corruption or excess of jurisdiction.

DeWitt, 192 Miss. at 625, 7 So.2d at 532 (emphasis added).
Although DeWitt seemed to leave open the door as to whether judicial immunity applies in the face of malice, Judge Keady in Roberts v. Williams, 302 F. Supp. 972 (N.D.Miss. 1969) after citing Bradley stated: "The doctrine of judicial immunity is fully recognized in Mississippi." Roberts, 302 F. Supp. at 979 (citing Bell v. McKinney, 63 Miss. 187 (1885); DeWitt v. Thompson, 192 Miss. 615, 7 So.2d 529 (1942)).
Public policy mandates that a judge should have the power to make decisions without having to worry about being held liable for his actions, and, thankfully, most judges do not exhibit the type of behavior we find in this instance. Therefore, we affirm the lower court's ruling and add that this Court fully recognizes that the best interests of the people and public order require that judges be immune from civil liability. There are other remedies for the correction of such behavior.
This opinion disposes of the issues raised in Cause No. 89-0496 and we decline to *239 address the issues raised in Cause No. 07-58827, having to do with Loyacono's appointment to represent Freeman, as they are hereby declared moot. The matter of State v. Freeman has been decided.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
ANDERSON, J., not participating.