879 So.2d 1053 (2004)
Harry W. VINSON and Brad Vinson, Appellants
v.
Lenore PRATHER, Appellee.
No. 2003-CP-01648-COA.
Court of Appeals of Mississippi.
June 15, 2004.
Rehearing Denied August 10, 2004.
*1054 Harry W. Vinson (pro se), Brad Vinson (pro se).
Roger Googe, attorney for appellee.
EN BANC.
MYERS, J., for the Court.
¶ 1. Harry W. Vinson and Brad Vinson, in propria persona, brought suit in the Circuit Court of Union County, Mississippi, against Mississippi Supreme Court Chief Justice Lenore Prather. The Vinsons argued that Chief Justice Prather violated their due process rights by appointing a special chancellor to hear outstanding matters regarding two underlying cases that had been recently appealed to the Mississippi Supreme Court. The trial court dismissed the Vinsons' complaint with prejudice. The Vinsons now appeal and request our review of the following issue:

I. WHETHER THE TRIAL COURT ERRED BY DISMISSING THE APPELLANTS' COMPLAINT PURSUANT TO MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b)(6)

STATEMENT OF FACTS
¶ 2. The Vinsons were involved in two underlying cases in the Chancery Court of Lee County. Rulings were made in both of these cases which were adverse to the Vinsons. As a result, the Vinsons filed notices of appeal to the Mississippi Supreme Court.
¶ 3. A petition was filed by the Lee County Chancery Clerk requesting that the Vinsons be required to increase the appeal deposits in both cases pursuant to Mississippi Rule of Appellate Procedure 11(b)(2). The petition to increase was presented to Chancellor Dorothy Colom. Chancellor Colom had previously been appointed by the supreme court as a special chancellor in Lee County and had entered a ruling adverse to the Vinsons on one of the underlying cases being appealed. Specifically, Chancellor Colom issued injunctions against the Vinsons and appointed a conservator to the case. Upon receipt of the petition, Chancellor Colom wrote a letter to Chief Justice Prather requesting direction on whether Chancellor Colom could continue to proceed as a special chancellor on any outstanding matters.
¶ 4. The Supreme Court of Mississippi considered the matter and found that it would be in the best interest of all parties and in the efficient administration of justice that Chancellor Colom be appointed to preside and conduct proceedings filed through May 23, 2000. As a result, an order was entered pursuant to Mississippi Code Annotated Section 9-1-105(1) (Rev. 2002).
¶ 5. The Vinsons brought suit in the Circuit Court of Union County claiming that Chief Justice Prather, in her individual capacity, violated their due process rights by unlawfully appointing Chancellor Colom "to go outside her jurisdiction to hear matters in Lee County Chancery Court Cause 96-0078 and 96-1110 which *1055 had been appealed to the Mississippi Supreme Court." The Attorney General's Office, on behalf of Chief Justice Prather, filed a motion to dismiss or, in the alternative, for summary judgment. Attached to this motion was the Lee County Chancery Clerk's petition, Chancellor Colom's letter to Chief Justice Prather, and the supreme court's order. The Attorney General's Office also filed a motion to hold all discovery in abeyance pending resolution of its dispositive motion. A hearing was held and the Honorable William Lamb entered an order dismissing the Vinsons' complaint for failing to state a claim upon which relief can be granted. Aggrieved by this decision, the Vinsons perfected a timely appeal. Finding no error, however, we affirm the judgment of the Circuit Court of Union County.

LEGAL ANALYSIS

I. WHETHER THE TRIAL COURT ERRED BY DISMISSING THE APPELLANTS' COMPLAINT PURSUANT TO MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b)(6)
¶ 6. "A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of the complaint, and raises a question of law." Favre Prop. Mgmt. v. Cinque Bambini, 863 So.2d 1037, 1042 (¶ 14) (Miss.Ct. App.2004). As a result, this Court reviews a 12(b)(6) dismissal de novo. Id. The allegations in the complaint must be taken as true and the motion should not be granted unless it appears to a certainty that the plaintiffs will be unable to prove any set of facts in support of the claim. Id.
¶ 7. The Vinsons allege that the trial court, by considering the three exhibits attached to Chief Justice Prather's motion to dismiss, looked outside the pleadings. The Vinsons further allege that the trial court treated the motion to dismiss as a motion for summary judgment without allowing the development of proof through discovery as Mississippi Rule of Civil Procedure 56 requires. The Vinsons argue that discovery was necessary in order to determine whether Chief Justice Prather was acting in her individual capacity.
¶ 8. "Whether a Rule 12 motion ought to be converted into a motion for summary judgment is a function of whether the Circuit Court finds it necessary to resort to matters outside the pleadings in order to dispose of the motion." Walton v. Bourgeois, 512 So.2d 698, 700 (Miss.1987). "Under Rule 12(b), even if matters outside the pleadings are introduced, the trial court may exclude those matters and review the motion pursuant to Rule 12(b)(6)." Favre Prop. Mgmt., 863 So.2d at 1043 (¶ 16).
¶ 9. In the instant case, the trial court never expressly excluded the three exhibits. However, we are mindful of the fact that Chief Justice Prather moved for dismissal pursuant to 12(b)(6) and for summary judgment in the alternative. More importantly, there is no evidence that the circuit court considered anything outside the pleadings. This is especially true when no discovery has been propounded to date. During the hearing on the motion, the trial judge stated:
Mr. Vinson, I'm leaning very heavily towards dismissing this as failure to state a cause of action more than anything else because the damages you have alleged in your complaint seem apparently to me to be based on actions and orders of others than Chief Justice Prather ... (sic) I can see no cause of action for the simple appointment of a judge and no further alleged action on the part of the defendant other than the appointment might be illegal. I mean I cannot find any proximate cause between *1056 the act of Judge Prather in appointing Judge Colom to the trouble you complain of in your complaint in this case.
¶ 10. There was no allegation that Mississippi Code Annotated Section 9-1-105 is unconstitutional. There was no reference to the exhibits made by the trial judge. In fact, the trial court's opinion analyzed the Vinsons' claim according to what was or was not pleaded in the complaint. See Arnona v. Smith, 749 So.2d 63, 65-66(¶ 7) (Miss.1999).
¶ 11. In addition, where a plaintiff has actual notice of all of the information in the movant's papers and has relied upon these documents in framing the complaint, the necessity of translating a motion to dismiss into a motion for summary judgment is largely dissipated. Sennett v. U.S. Fidelity and Guar. Co., 757 So.2d 206, 209 (¶ 10) (Miss.2000). Under these circumstances, the court may consider information in addition to the pleadings without converting the dismissal motion into one for summary judgment. Id. at 210 (¶ 11). As a result, even if we assume arguendo that the trial judge reviewed the exhibits in arriving at his decision, we find no error.
¶ 12. We now turn to the merits of the case. The Vinsons argue that Chief Justice Prather's unlawful appointment of Chancellor Colom resulted in monetary loss and in Harry Vinson's arrest. The trial court held:
there [was] absolutely no nexus between any action taken by Justice Prather with regard to the arrest or detainment of [Harry] Vinson, nor was there any unlawful or illegal denial of right to ownership of any property as the Mississippi Supreme Court affirmed the actions of the lower court in one instance, and dismissed the Vinson's [sic] appeal in the other action.
The trial judge also held that Chief Justice Prather could not be exposed to civil liability in this instance based on judicial immunity. After a careful review of the record, we agree.
¶ 13. The Vinsons argue that the trial court lost jurisdiction once they appealed the case to the supreme court. However, the language of the applicable rule states:

Application to Increase Deposit. If dissatisfied with the amount tendered, either the clerk of the trial court or the court reporter may apply for an increase to the trial court which, after reasonable advance notice and opportunity to be heard having been afforded all parties, and for good cause shown, may order the amount of the deposit increased.
M.R.A.P. 11(b)(2) (emphasis added).
¶ 14. This rule indicates that the Lee County Chancery Clerk has the authority to request an increase in the appeal deposit. More importantly, this rule also indicates that the trial court has the authority to decide if that request shall be granted. Likewise, the applicable statute requires that the appellant prepay all costs in preparation of the appellate record to the trial court. See Miss.Code Ann. § 11-51-29 (Rev.2002). As a result, the Lee County Chancery Court did not exceed its jurisdiction in reviewing and granting the petition to increase the appeal deposit.
¶ 15. In addition, Chief Justice Prather had the authority to appoint Special Chancellor Colom. Article 6 Section 165 of our constitution allows the governor to appoint a special chancellor if the original one is unable to preside but it is not "the exclusive mechanism for the selection of special judges." McDonald v. McDonald, 850 So.2d 1182, 1187 (¶ 13) (Miss. Ct.App.2002). Mississippi Code Annotated *1057 Section 9-1-105 gives the Chief Justice of the supreme court, with the advice and consent of a majority of the justices, the express authority to appoint a person to serve as a special judge in the chancery court. That same statute states that a special chancellor will "enjoy the full power and authority of the office to which [she] is appointed." Miss.Code Ann. § 9-1-105(9) (Rev.2002).
¶ 16. The Vinsons finally argue that Chief Justice Prather is not entitled to judicial immunity because she was sued in her individual capacity and because she performed a non-adjudicative act. We disagree and hold that Chief Justice Prather enjoyed the protection of judicial immunity because "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and alleged to have been done maliciously or corruptly." Loyacono v. Ellis, 571 So.2d 237, 238 (Miss.1990). "Public policy mandates that a judge should have the power to make decisions without having to worry about being held liable for [her] actions." Id. The best interests of the people and public order require that judges be immune from civil liability. Id. If someone believes a judge has acted either contrary to or in excess of her authority, the primary remedy is to file a complaint with the Mississippi Commission on Judicial Performance. Miss. Com'n of Jud. Perform. v. Russell, 691 So.2d 929, 947 (Miss.1997).
¶ 17. We find it impossible for Chief Justice Prather to be sued in her individual capacity because she had absolutely no authority to act as she did in appointing a special chancellor other than by virtue of her position as chief justice of the Mississippi Supreme Court. In other words, Mississippi Code Annotated Section 9-1-105 is an exclusive tool of the chief justice. A majority of justices voted to grant the appointment. In addition, there is no dispute that Justice Prather was chief justice when the acts complained of occurred. Even if we look to the act itself, we find no error because we consider an appointment pursuant to Mississippi Code Annotated Section 9-1-105 a judicial act. The Vinsons' attempt to label the appointment as administrative or non-adjudicative is without merit.
¶ 18. Accepting all allegations in the complaint as true, we are certain that the Vinsons are unable to prove any set of facts in support of their claim. As a result, we affirm the trial court's dismissal with prejudice.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.