JAMES, J.,
for the Court:
¶ 1. Timothy Pryer appeals the circuit court’s denial of his motion requesting certain documents. In the only issue he raises on appeal, he challenges this decision. Upon review, we find that this appeal is without merit. Therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On October 6, 2005, Pryer was convicted of sexual battery and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve and five years suspended pending successful completion of five years of post-release supervision. Pryer was also required to register as a sex offender. On March 6, 2007, this Court affirmed Pryer’s conviction. See Pryer v. State, 958 So.2d 818, 820 (¶ 2) (Miss.Ct.App.2007).
¶ 3. On June 20, 2011, Pryer filed a motion seeking documents from the circuit clerk. Specifically, Pryer requested “the [ojrder giving Carol Gates[ 1] the [ojffice of [jjudge de facto ... and the [ojrder giving Carol Gates authority to appoint indigent counsel for [the] December 2, 2004 [hearing] and the names of the 40 plus souls and their addresses[.j”[2] In his brief, Pryer alleged that he requested “a judgefs] order, and the dockets of those [arraigned] on December 2, 2004.” On February 1, 2012, the circuit court entered an order denying Pryer’s motion as follows:
*721 This cause comes before this [c]ourt on [Pryer’s] pro se [m]otion to [s]how [e]ause. [Pryer] requests this [c]ourt to order the Itawamba County Circuit Clerk to forward [Pryer] a free copy of the documents not contained within the [c]ircuit [c]lerk’s file. This motion contains the exact same requests as the previously filed motions.[3] In addition, the [m]otion to [s]how [c]ause contains completely unfounded and slanderous allegations against several court offices. The Motion to [s]how [c]ause has no legal merit and shall be DENIED.
On March 5, 2012, Pryer filed his notice of appeal.
DISCUSSION
¶ 4. The State argues that Pryer’s appeal was untimely because the order denying relief was filed on February 1, 2012, and the notice of appeal was not filed until March 5, 2012. Therefore, according to the State, the notice of appeal was not filed within thirty days as required by Rule 4 of the Mississippi Rules of Civil Procedure. The State further argues that the prison-mailbox rule announced in Sykes v. State, 757 So.2d 997, 1000-01 (¶ 14) (Miss.2000), does not apply to this case because this action is not brought under the Uniform Post-Conviction Relief Act (UPCCRA). In Sykes, our supreme court held that “a pro se prisoner’s motion for post-conviction relief is delivered for filing under the UPCCRA and the Mississippi Rules of Civil Procedure when the prisoner delivers the papers to prison authorities for mailing.” Id. Thus, the prison-mailbox rule announced in Sykes applies only to cases filed under the UPCCRA, and the rule has no application to pro se prisoners seeking judicial review for civil appeals not brought under the UPCCRA. See Gaston v. State, 817 So.2d 618, 616 (¶ 8) (Miss.Ct.App.2002) (holding that “the prison[-]mailbox rule extends to all actions under the UPCCRA, and appeals in those actions”). However, in Maze v. MDOC, 854 So.2d 1090, 1092 (¶ 8) (Miss.Ct.App.2003), this Court announced that it saw “no reason why the [prison-mailbox] rule should not apply in the context of ... a civil filing by a pro se prisoner seeking judicial review.” In Easley v. Roach, 879 So.2d 1041, 1042-43 (¶¶ 4-5) (Miss.2004), our supreme court approved the rule announced by this Court extending the modified rule to civil filings by pro se prisoners. In the case before us, Pryer is seeking judicial review of a civil matter. Therefore, we find that the State’s argument is without merit.
¶5. Pryer argues that the circuit court erred in denying his motion requesting “the [o]rder giving Carol Gates the [ojffice of [j]udge de facto ... and the [o]rder giving Carol Gates authority to appoint indigent counsel for [the] December 2, 2004 [hearing] and the names of the 40 plus souls and their addressesf.]” However, the circuit court found that no such documents exist. Upon review of the record on appeal, we have no reason to believe that any such documents do exist. It further appears that Pryer is merely on a “fishing expedition” for grounds upon which to attack his conviction and sentence. Pryer “has not shown a specific need, or that the documents sought are necessary to decide a specific issue.” See Fleming v. State, 553 So.2d 505, 507 (Miss.1989). Therefore, we affirm.
¶ 6. THE JUDGMENT OF THE ITA-WAMBA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITA-WAMBA COUNTY.
*722 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT. CARLTON, J., CONCURS IN RESULT ONLY.

. Gates is the Itawamba County Circuit Court Clerk.

. We note that it is unclear exactly what information Pryer was seeking, but it is clear that the circuit court determined that no such orders existed.

. Any previously filed motions are not in the record on appeal.