ON WRIT OF CERTIORARI

KITCHENS, Justice,
for the Court:
¶ 1. Timothy Pryer repeatedly requested documents from the Circuit Clerk of Itawamba County pursuant to the Mississippi Public Records Act. The circuit judge twice denied the request, finding that the documents did not exist within the clerk’s file. Pryer appealed the latter order and the Court of Appeals affirmed, whereupon we granted a writ of certiorari. We affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Pryer sought from the circuit court: “the Order givin[g] Carol Gates the Office of Judge de facto or pro tempore and the order givin[g] Carol Gates authority to appoint indigent counsel for Decern- *714 ber 2, 2004 [hearing] and the names of the 40 plus souls and their addresses according to the record.”[1] The Itawamba County Circuit Court issued an order on June 6, 2011, “denying Pryer records and construing a request for records as a petition for Post-Conviction Relief (PCR).” (Emphasis in original.) This order does not appear in the record but is mentioned in the “Motion to Show Cause” filed by Pryer on June 20, 2011. In that motion, Pryer alleged:
that on December 2, 2004 A.D., Carol Gates[2] presided over an Indictment Arraignment as Judge de facto or pro tempore in the absence of Paul Fun-derburk.[3] That forty (40) plus souls were arraigned and that Carol Gates appointed indigent counsel by the name of Hon. Carolyn Benson to represent some or all of the forty (40) plus souls. Because Carol Gates is not licensed to practice law, Carolyn Benson received State funds under false pretenses, Fun-derburk and Gates facilitated the crime and are accessories before the fact. Because Gates and Judge Garner[4] [sic] have obviously conspired to circumvent the law and procedure, they are accessories after the fact.
(Emphases in original.) Asserting that “[t]he truth will come out,” Pryer requested the above documents from the circuit judge.
¶ 3. On December 19, 2011, Pryer filed a petition for writ of mandamus in this Court, requesting that we direct the circuit judge to enter an order on the “Motion to Show Cause.” This Court granted the petition for writ of mandamus on January 18, 2011, and the circuit court proceeded to enter an order on February 1, 2012. That order denied Pryer’s motion, explaining that the documents requested were “not contained with the Circuit Clerk’s file” and that “[t]his motion contains the exact same requests as the previously filed motions.” The court continued, “the Motion to Show Cause contains completely unfounded and slanderous allegations against several court officials.”
¶ 4. The Court of Appeals affirmed the judgment of the Itawamba County Circuit Court, holding that “we have no reason to believe that any such documents do exist. It further appears that Pryer is merely on a ‘fishing expedition’ for grounds upon which to attack his conviction and sentence.” Pryer v. State, 139 So.3d 719, 721, 2013 WL 2399645, at *2 (Miss.Ct.App. June 4, 2013). In his petition for writ of certiorari, Pryer argues that the Court of Appeals erred in two ways. First, Pryer argues that the circuit court lacked jurisdiction to treat his request as a petition for post-conviction relief, since he explicitly requested the documents pursuant to the Public Records Act. Second, Pryer contends that the Court of Appeals erroneous *715 ly excepted prisoners from the Public Records Act. He reasserts that “the Circuit Court Judges of Itawamba County ... [are] signing generic orders and allowing clerks to officiate arraignments.... The practice is unlawful and Pryer needs public records to prove it.” He concludes that “[t]his is the main reason the legislature enacted the Public Records Act” and that he “prays this Honorable] Court will settle this question so as to keep the right to access public records to all humans as persons.”
ANALYSIS
¶ 5. The Mississippi Constitution vests the circuit courts and the chancery courts of this State with their jurisdiction. “The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court....” Miss. Const, art. 6, § 156 (emphasis added). The Constitution further provides that: “[t]he Supreme Court shall have such jurisdiction as properly belongs to a court of appeals and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law.” Miss. Const, art. 6, § 146 (emphasis added). The legislature has spoken to the meaning of “appellate jurisdiction”: “An appeal may be taken to the Supreme Court from any final judgment of a circuit or chancery court....” Miss.Code Ann. § 11-51-3 (Rev.2012) (emphasis added). Further,
[t]he essential criterion of appellate jurisdiction is that it revises and corrects the proceedings of a cause already instituted, and does not create that cause. In reference to judicial tribunals, an appellate jurisdiction, therefore, necessarily implies that the subject-matter has been already instituted in and acted upon by some other court, whose judgment or proceedings are to be revised.
Illinois Cent. R. Co. v. Dodd, 105 Miss. 23, 43, 61 So. 743, 743-44 (1913).
¶ 6. The circuit court denied both Pryer’s first request for documents and Pryer’s subsequent and successive “Motion to Show Cause.” The circuit court’s order on the “Motion to Show Cause” states that “[t]his motion contains the exact same requests as the previously filed motions,” that the documents “are not contained with the Circuit Clerk’s file,” and that Pryer’s allegations against court officials are “unfounded and slanderous.” The Court of Appeals termed Pryer’s request a “fishing expedition.” Pryer v. State, 139 So.3d 719, 721, 2013 WL 2399645, at *2 (Miss.Ct.App. June 4, 2013). The Itawam-ba County Circuit Court’s ruling on Pryer’s “Motion to Show Cause” was a final judgment. Pryer’s appeal from that final judgment was appealable to this Court under its constitutional appellate jurisdiction and assignable by this Court to the Court of Appeals.
¶ 7. The Mississippi Public Records Act states: “[a]ny person denied the right granted by Section 25-61-5 to inspect or copy public records may institute a suit in the chancery court of the county in which the public body is located, and the court shall determine whether such public record is exempt from the provisions of this chapter....” Miss.Code Ann. §25-61-13(1)(a) (Rev.2010). The statute provides parties aggrieved by the denial of public records the option of filing suit in the chancery court as a means of seeking relief. The Court of Appeals never stated or suggested that prisoners are outside the scope of the Public Records Act. If Pryer so desires, he may, pursuant to the statute, institute a suit in the Chancery Court of *716 Itawamba County-.[5] Nothing in the Court of Appeals decision or in the order of the circuit court prevents his doing so, and this Court’s ruling today does not impede Pryer’s statutory right to file such an action, should he choose to do so.
¶ 8. Instead of utilizing the statutory procedure for denial of public records requests, Pryer filed his Motion to Show Cause in circuit court. Upon denial of that motion, he filed a notice of appeal in this Court, and his case was assigned to the Court of Appeals. Pryer now complains of a jurisdictional defect. He states that “the Circuit Court had no jurisdiction to entertain a Public Records request as a Post Conviction Relief petition.” We cannot say whether the circuit court treated Pryer’s initial request as a motion for post-conviction relief, since that order neither appears in the appellate record nor was it appealed. But in its order on the Motion to Show Cause, the circuit court did not make reference to the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss.Code Ann. §§ 99-39-1 to -29 (Rev. 2007). The circuit court simply denied the motion and held that the documents were “not contained with the Circuit Clerk’s file.”[6] Thus, the record provides no indication that the circuit court treated Pryer’s Motion to Show Cause as a petition for post-conviction relief.
¶ 9. The Court of Appeals, however, applied the standard from Fleming v. State requiring prisoners seeking post-conviction relief to “show[ ] a specific need, or that the documents sought are necessary to decide a specific issue.” Pryer, 139 So.3d at 721, 2013 WL 2399645, at *2 (citing Fleming v. State, 553 So.2d 505, 507 (Miss.1989)). While we find that the Court of Appeals incorrectly assumed that Pryer’s Motion to Show Cause was treated by the circuit court as a petition for post-conviction relief, we do not find that the circuit court was without jurisdiction to rule upon the motion. The Court of Appeals stated that “we have no reason to believe that any such documents do exist,” and we agree. Pryer, 139 So.3d at 721, 2013 WL 2399645, at *2.
¶ 10. We affirm the decision of the Court of Appeals and that of the Circuit Court of Itawamba County.
¶ 11. AFFIRMED.
WALLER, C.J., RANDOLPH, P.J., LAMAR, PIERCE, AND KING, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND COLEMAN, JJ.

. Though it is unclear precisely what Pryer was seeking, he requested "Court Orders” and "names that were docketed December 2, 2004.” Seemingly, he wants a copy of the circuit court’s criminal docket, along with the names and addresses of defendants arraigned on the same day as he.

. Carol Gates is, and was in 2004, the Clerk of the Circuit Court of Itawamba County. Secretary of State, 2004 — 2008 Official and Statistical Register, Mississippi (Blue Book) 289 (2005).

. Honorable Paul S. Funderburk is, and was in 2004, one of the circuit court judges serving Itawamba County. Secretary of State, 2004-2008 Official and Statistical Register, Mississippi (Blue Book) 194 (2005).

. This may be a reference to Honorable Thomas J. Gardner, III, Senior Circuit Court Judge for Itawamba County. Secretary of State, 2004-2008 Official and Statistical Register, Mississippi {Blue Book) 194 (2005).

. If, instead of seeking circuit court records, Pryer had sought records from the Itawamba County Chancery Court, we would have been left to ponder the statute’s functionality. According to the statute, had Pryer been denied records by the Itawamba County Chancery Court, one option for Pryer would have been institution of a suit in that very same chancery court.

. The circuit court controls its own records. See URCCC 1.12 ("No record, or any part of a file of court papers, shall be taken from the clerk’s custody without a written order from the judge to the clerk."); Miss.Code Ann. § 9-1-29 (Rev.2002) ("Each court shall have control over all proceedings in the clerk’s office....”). Numerous statutes set forth the duties of the circuit clerk with regard to record-keeping. See Miss.Code Ann. §§ 9-7-127 to-181 (Rev.2002).