DICKINSON, Presiding Justice,
dissenting:
¶ 12. If a news organization filed a public-records request exactly like the one Timothy Pryer filed, I firmly believe the majority would be taking a different view. But the simple truth is that, because he does happen to be an inmate, the Court of Appeals — and now the majority of this *717 Court — deny him the statutory right to file a public-records request. Because nothing in the public-records statutes denies an inmate the same access to public records as a news organization (or anyone else, for that matter), I respectfully dissent.
¶ 13. Mississippi’s Public Access to Public Records Act of 1983 (“Public Records Act”) states: “It is the policy of the Legislature that public records must be available for inspection by any person unless otherwise provided by this Act.”[7] And because the majority neither cites nor points to any exemption or exclusion for inmates, it is fair to conclude that the Legislature intended the Public Records Act to apply to inmates.
¶ 14. So, let us assume for a moment that, instead of Pryer, a news organization suspected that — in the absence of any circuit judge — the circuit clerk of Itawamba County illegally presided over forty circuit-court arraignments, taking pleas, setting trial dates, and assigning counsel to indigent defendants. If that newspaper wished to engage in a “fishing expedition” to see if there were documents in the circuit court files to support the suspicion, no one would think anything about it. But, because Pryer is an inmate, rather than a news organization or ordinary citizen, the majority denies him the right to make a request under the Public Records Act. I cannot agree with this unsupported judicial prohibition.
¶ 15. There can be no doubt that Pryer filed a request for public documents under the Public Records Act. In his request, he clearly set forth that he was not attempting to file a petition for post-conviction relief, but rather that the Mississippi Public Records Act entitled him to access to the documents. When the circuit court responded that the requested documents did not exist within the Clerk’s files, Pryer filed an appeal, and the Mississippi Court of Appeals held that he was on a “fishing expedition.”[8] Again, my view is that the Public Records Act allows “any person” to request public records, and it has no exemption for “fishing expeditions.” In fact, most public-records requests probably are fishing expeditions. But because of Pryer’s status as an inmate, the majority thinks he is not entitled to make the request.
¶ 16. At issue here is the nature of Pryer’s request and the appropriate forum for review of the circuit court’s failure to produce the requested documents. Pryer requested access pursuant to the Mississippi Public Records Act,[9] but the Court of Appeals ignored the mandate within the Public Records Act and affirmed based on the statutory post-eonviction-relief discovery provisions.[10]

Requests for Documents under the Public Records Act

¶ 17. Stated again for clarity, the purpose of the Mississippi Public Records Act is to provide every person — there is no exception within the statutes for inmates— with broad access to public records.[11] Any person may make a request to a public body for access to documents in its possession.[12] Here, Pryer made his request to the circuit court.
*718 ¶ 18. The statutes provide that, where the public body — again, here, the circuit court — denies access to the requested documents, that person may challenge the denial by “instituting] a suit in the chancery court of the county in which the public body is located” to compel access.[13] The chancellor must then determine whether the public body improperly denied access to the document in question.[14] An individual aggrieved by the chancellor’s decision may then appeal and is subject to “all the rights and rules of appeal for other suits arising in the chancery court.”[15]
¶ 19. Pryer believed that the Circuit Court of Itawamba County — clearly a public body — possessed public documents that he wished to see, so he requested access to those documents. The circuit court denied access, triggering Pryer’s right to file an action in the chancery court,[16] Instead, Pryer commenced an original action in the appellate courts of this State to enforce his rights under the Public Records Act.
¶ 20. When a public body — whether the circuit court, the Mississippi Tax Commission, or any other public body — denies a request made pursuant to the Public Records Act, the aggrieved individual’s only remedy is to initiate an anginal action in the chancery court. Neither this Court nor the Court of Appeals may constitutionally hear original civil actions. We do not sit as a trial court, and we do not make fact-finding decisions. Instead, as provided in the Public Records Act, an aggrieved person must bring suit in the chancery court.[17]
¶ 21. Section 25-61-13 states that “[a]ny person denied the right granted by Section 25-61-5 to inspect or copy public records may institute a suit in the chancery court of the county in which the public body is located, and the court shall determine whether such public record is exempt from the provisions of this chapter....”[18] The majority suggests the permissive word “may” leaves open other avenues, and that the chancery court is only one of other possible unnamed avenues to seek relief. I find the better interpretation of “may” — as used in the statute — is that an aggrieved party “may” (has permission, but is not required to) file a lawsuit when such a denial has occurred. The unambiguous language of Section 25-61-13 provides only a single avenue to challenge denials under the Public Records Act — “institute a suit in the chancery court....”[19]
¶ 22. The majority also points out that this Court has appellate jurisdiction over final, appealable orders,[20] but it fails to recognize that the circuit court’s denial of Pryer’s request was simply that: a denial of a public-records request. Pryer’s request to the circuit clerk for documents was denied by the circuit judge, who stated that the records did not exist. Having been denied the requested documents, Pryer’s only remedy was to file a case in the chancery court.[21]
¶ 23. The trial judge’s response to Pryer’s request to the circuit clerk for documents was not an order. While it is true that the judge styled the denial as an *719 “order,” he ordered nothing. He merely denied a records request. I would not hold that denials of requests for public records are final, appealable orders, capable of being appealed to the Supreme Court. Surely my friends in the majority do not mean to conclude that, for instance, where a justice court judge denies a request for public documents, the justice court judge’s order is a “final, appealable order” to the Supreme Court. The fact that a judge, rather than the circuit clerk, responded to Pryer’s request does not transform the denial into a “final, appeal-able order.”
¶24. Pryer made a public-records request for public documents pursuant to the Public Records Act. He made his request to the public body he believed was in possession of the public records. Regardless of the public body’s reason for denying the request, the sole remedy for the denial is to institute an original civil action in chancery court, and neither this Court nor the Court of Appeals has the authority or jurisdiction to designate the request a “fishing expedition,” though the request very well may be one.

Neither this Court nor the Court of Appeals has subject-matter jurisdiction to hear an original civil action challenging denial of a request for public records.

¶ 25. While we are indeed the Supreme Court, our jurisdiction is limited to that granted to us by the Mississippi Constitution and the Legislature,[22] and neither has granted us the jurisdiction to hear original civil actions challenging a denial of public records under the Public Records Act. In fact, Section 25-61-5 — which sets forth the procedure for all denials under the Public Records Act — specifically grants the chan-eery court — and only the chancery court— jurisdiction to hear suits to compel access under the Public Records Act.[23]
¶ 26. So, when the circuit court denied Pryer’s request for public records, his only remedy was to initiate an original action in the Chancery Court of Itawamba County.[24] Instead, Pryer attempted to appeal the circuit court’s denial of the public records, and instead of dismissing the improper appeal, we improperly referred it to the Court of Appeals. But, because I would find that we were without jurisdiction to hear the appeal, so was the Court of Appeals. I would vacate the decision of the Court of Appeals and dismiss this appeal.
CHANDLER AND COLEMAN, JJ„ JOIN THIS OPINION.

. Miss Code Ann. § 25-61-1 (Rev.2010) (emphasis added).

. Pryer v. State, 139 So.3d 719, 2013 WL 2399645 (Miss.Ct.App. June 4, 2013) (citing Fleming v. State, 553 So.2d 505, 507 (Miss.1989)).

. Miss.Code Ann. § 25-61-5 (Rev.2010),

. Miss.Code Ann. § 99-39-15 (Rev.2007).

. Miss.Code Ann. § 25-61-2 (Rev.2010).

. Miss.Code Ann. § 25-61-5.

. Miss.Code Ann. § 25-61-13 (Rev.2010).

. Id.

. Id.

. Miss.Code Ann. § 25-61-13 (Rev.2010).

. Id.

. Id.

. /¿.(emphasis added).

. Miss.Code Ann. § 11-51-3 (Rev.2002).

. Id.

. Miss. Const. art. 6, § 146; Miss.Code Ann. § 9-4-3 (Rev.2002).

. Miss.Code Ann. § 25-61-13 (Rev.2010).

. Id.