# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CP-00723-SCT

*TIMOTHY GENE PRYER*

*v.*

*THOMAS GARDNER, III*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/30/2017 |
| TRIAL JUDGE: | HON. T. K. MOFFETT |
| TRIAL COURT ATTORNEYS: | TIMOTHY GENE PRYER (PRO SE) |
| | JUSTIN L. MATHENY |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CHANCERY |
| | COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY GENE PRYER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JUSTIN L. MATHENY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 05/17/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND CHAMBERLIN, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     A prisoner, Timothy Gene Pryer, filed an action in chancery court against the Itawamba County Sheriff's Department and the Itawamba County Circuit Clerk. Pryer claimed that the defendants wrongfully had denied him access to public records under the Mississippi Public Records Act, entitling him to civil damages. *See* Miss. Code Ann. § 25-61-15 (Rev. 2010). More than three years after filing the complaint, Pryer filed a motion for leave to amend it to add a Public Records Act claim against Circuit Judge Thomas Gardner, III. Pryer alleged that, in deeming his public records request a motion for post-conviction

relief, and then denying it, Judge Gardner had violated the Public Records Act, entitling Pryer to civil damages. The Chancery Court of Itawamba County granted Judge Gardner's motion to dismiss, and Pryer appeals. Because Pryer's claim against Judge Gardner is barred by the doctrine of judicial immunity, we affirm the dismissal of his amended complaint.

**FACTS**

¶2.     This cause of action arises from a request Pryer filed in the Circuit Court of Itawamba County for "the Order givin[g] Carol Gates the Office of Judge de facto or pro tempore and the order givin[g] Carol Gates authority to appoint indigent counsel for December 2, 2004 [hearing] and the names of the 40 plus souls and their addresses according to the record." *Pryer v. State*, 139 So. 3d 713, 713-14 (Miss. 2014). According to Pryer's allegations in a subsequent Motion to Show Cause, the circuit court entered an order on June 6, 2011, that denied his request and construed it as a motion for post-conviction relief.[1] *Id.* at 714. In his show cause motion, Pryer alleged that, in the absence of the circuit judge, the Circuit Clerk of Itawamba County, Carol Gates, presided over arraignments and appointed counsel for some or all of the "forty (40) plus souls." *Id.* Pryer filed a petition for mandamus in this Court, requesting that we compel the circuit court to rule on his Motion to Show Cause. *Id.* We granted the petition; and, on February 1, 2012, the circuit court entered an order that denied the motion. *Pryer v. State*, 139 So. 3d 719, 720 (Miss. Ct. App. 2013). Although the

---

[1] Although the order does not appear in the record, in a prior decision of this Court, we quoted Pryer's allegations concerning the order made in his "Motion to Show Cause," filed on June 20, 2011. *Pryer*, 139 So. 3d at 714.

record now before the Court does not contain that order, the Court of Appeals quoted from it as follows:

> This cause comes before this [c]ourt on [Pryer's] pro se [m]otion to [s]how [c]ause. [Pryer] requests this [c]ourt to order the Itawamba County Circuit Clerk to forward [Pryer] a free copy of the documents not contained within the [c]ircuit [c]lerk's file. This motion contains the exact same requests as the previously filed motions. In addition, the [m]otion to [s]how [c]ause contains completely unfounded and slanderous allegations against several court offices. The [m]otion to [s]how [c]ause has no legal merit and shall be DENIED.

*Id.* at 721.

¶3.    Pryer appealed from the order of February 1, 2012, and this Court assigned his appeal to the Court of Appeals, which affirmed. *Id.* at 721. The Court of Appeals found that "we have no reason to believe that any such documents do exist," and deemed Pryer's filings a "fishing expedition." **Pryer**, 139 So. 3d at 721. This Court granted Pryer's petition for *certiorari*. **Pryer**, 139 So. 3d at 713. On *certiorari*, Pryer complained that, because he had filed a public records request, the circuit court had lacked jurisdiction to treat the request as a motion for post-conviction relief. *Id.* at 714. This Court found that Pryer had filed a motion to show cause in circuit court rather than following the statutory procedure set forth by the Public Records Act, which provides for the institution of a suit in chancery court by "any person denied the right granted by Section 25-61-5 to inspect or copy public records." *Id.* at 715-16 (citing Miss. Code Ann. § 25-61-13(1)(a) (Rev. 2010)). We held that the circuit court had jurisdiction to rule on Pryer's motion and that nothing in the circuit court's order indicated that it had treated Pryer's motion as one for post-conviction relief. *Id.* at 716. We found that the Court of Appeals had been incorrect to assume that the circuit court had

3

considered the motion as a motion for post-conviction relief; but we agreed with the Court of Appeals' finding that there was no reason to believe the documents Pryer sought actually existed. *Id.* Therefore, we affirmed the decision of the Court of Appeals that affirmed the Circuit Court of Itawamba County's denial of the public records request. *Id.* In our decision, we did recognize that

> If Pryer so desires, he may, pursuant to the statute, institute a suit in the Chancery Court of Itawamba County. Nothing in the Court of Appeals decision or in the order of the circuit court prevents his doing so, and this Court's ruling today does not impede Pryer's statutory right to file such an action, should he choose to do so.

*Id.*

¶4. During the pendency of his appellate litigation, on July 3, 2013, Pryer filed the instant action in the Chancery Court of Itawamba County against the Itawamba County Sheriff's Department and the Itawamba County Circuit Clerk. He claimed that these entities were liable for civil penalties for failing to respond to his public records requests made on May 18, 2011; July 5, 2011; August 2, 2012; and September 13, 2012, asking for copies of capiases served on December 2, 2004. Pryer claimed that, because the defendants had ignored his public records requests on four occasions, he was entitled to damages of $400, plus reasonable expenses, pursuant to Mississippi Code Section 25-61-15, which provides:

> Any person who shall deny to any person access to any public record which is not exempt from the provisions of this chapter or who charges an unreasonable fee for providing a public record may be liable civilly in his personal capacity in a sum not to exceed One Hundred Dollars ($100.00) per violation, plus all reasonable expenses incurred by such person bringing the proceeding.

Miss. Code Ann. § 25-61-15 (Supp. 2017).

4

¶5.     Despite his efforts at achieving proper service, Pryer never served the defendants with his complaint. On June 23, 2014, he filed a motion to amend his complaint to add Judge Gardner as a defendant. On October 13, 2016, the chancellor entered an order granting the motion to amend, finding that no responsive pleading had been filed and that amendment would not be prejudicial to adverse parties. Pryer filed his amended complaint on November 1, 2016. In the amended complaint, Pryer made the following allegations against Judge Gardner:

> Defendant Thomas J. Gardner is Circuit Court Judge in Itawamba County. After receiving the request for Public Records addressed to Defendant Gates, Gardner held the request to be a Post-Conviction Relief Petition, and den[ied] those records to Pryer on June 3, 2011. On June 15, 2011 A.D. Pryer filed a Motion to Show Cause in the Circuit Court asking why he was being denied access to Public Records by the Circuit Court even after offering payment for said records. On December 19, 2011 A.D., Pryer filed a Petition for Writ of Mandamus with the Supreme Court of Mississippi to compel Defendant Gardner to answer Pryer[']s Motion to Show Cause. Defendant Gardner was ordered to respond and on January 20, 2012 denied Pryer Public Records citing "no free documents." Defendant Gardner has denied Pryer access to Public Records twice in violation of MCA §25-61-5.

He claimed that Judge Gardner's two alleged violations of the Public Records Act entitled him to an additional $200 in damages.

¶6.     Pryer served Judge Gardner with process. On January 12, 2017, Judge Gardner moved to dismiss Pryer's claim against him under Mississippi Rule of Civil Procedure 12(b)(6) on the basis of judicial immunity or, alternatively, because the statute of limitations had expired. On March 30, 2017, the chancellor granted Judge Gardner's motion to dismiss. The chancellor found that Pryer's complaint was against a judge in his judicial capacity and that judicial immunity shielded Judge Gardner from liability. The chancellor also held that the

5

action against Judge Gardner was time barred because the amended complaint was filed outside the limitations period. Finding no just reason for delay, the chancellor directed the entry of a final judgment in favor of Judge Gardner pursuant to Mississippi Rule of Civil Procedure 54(b). The chancellor denied Pryer's motion for reconsideration. Pryer has appealed.[2]

## STANDARD OF REVIEW

¶7. On review of the disposition of a motion to dismiss for failure to state a claim, this Court does not defer to the trial court's ruling. *Jourdan River Estates, LLC v. Favre*, 212 So. 3d 800, 803 (Miss. 2015). Rather, the issue presents a question of law, which is reviewed *de novo*. *Id.* A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Lagniappe Logistics, Inc. v. Buras*, 199 So. 3d 675, 677 (Miss. 2016). The Court limits its review to the face of the complaint, accepting all allegations therein as true. *City of Meridian v. $104,960.00 U.S. Currency*, 231 So. 3d 972, 974 (Miss. 2017). A Rule 12(b)(6) motion should not be granted unless "it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim." *Id.* (citing *Rose v. Tullos*, 994 So. 2d 734, 737 (Miss. 2008)).

---

[2] On December 11, 2017, the State filed a motion to strike six exhibits attached to Pryer's reply brief and his arguments associated with those exhibits on the ground that the exhibits were not in the record. By order entered on February 2, 2018, the motion was passed for consideration with the merits of the appeal. Mississippi Rule of Appellate Procedure 30(a) provides that "[a]ppeals shall be on the record as designated pursuant to Rule 10." M.R.A.P. 30(a). It is well established that this Court does not consider information outside the record. We grant the State's motion and strike the extra-record exhibits attached to Pryer's reply brief and the portions of Pryer's reply brief that rely on those exhibits.

**DISCUSSION**

THE CHANCELLOR PROPERLY DISMISSED PRYER'S AMENDED COMPLAINT AGAINST JUDGE GARDNER BECAUSE IT WAS BARRED BY THE DOCTRINE OF JUDICIAL IMMUNITY.

¶8. The doctrine of judicial immunity long has been recognized in Mississippi. *Newsome v. Shoemake*, 234 So. 3d 1215, 1223 (Miss. 2017). "[T]he best interests of the people and public order require that judges be immune from civil liability." *Loyacano v. Ellis*, 571 So. 2d 237, 238 (Miss. 1990). It is the sound public policy of this state that judges are empowered to make decisions in the absence of fear that they will be held liable for their actions. *Id.* A person who believes a judge has acted contrary to or in excess of his or her authority may, however, file a complaint with the Mississippi Commission on Judicial Performance. *Newsome*, 234 So. 3d at 1225.

¶9. In *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978), the United States Supreme Court held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." In *Loyacano*, this Court recognized that, in the prior case of *DeWitt v. Thompson*, 192 Miss. 615, 7 So. 2d 529, 532 (1942), the Court seemingly left for another day the question of whether judicial immunity applies to malicious or corrupt acts. But *Loyacano* ultimately held that "[t]he doctrine of judicial immunity is fully recognized in Mississippi." *Loyacano*, 571 So. 2d at 238. In *Newsome*, the Court held that, notwithstanding the plaintiff's allegation that a judge was corrupt in his handling of a conservatorship, the judge was immune from civil

7

liability. *Newsome*, 234 So. 3d at 1225. So judicial immunity in Mississippi extends even to acts of malice or corruption. The reason is that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* (quoting *Stump*, 435 U.S. at 355-56, 98 S. Ct. 1099). Further:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967).

¶10. Judicial immunity does not extend to acts taken in the clear absence of jurisdiction. *Weill v. Bailey*, 227 So. 3d 931, 936 (Miss. 2017). However, judicial acts in excess of jurisdiction are subject to judicial immunity. *Newsome*, 234 So. 3d at 1223. In *Newsome*, the Court provided the following explanation of this distinction:

> In *Bradley*, the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Newsome*, 234 So. 3d at 1224 (quoting *Stump*, 435 U.S. at 357 n.7, 98 S. Ct. 1099 (citing *Bradley v. Fisher*, 80 U.S. 335, 352, 20 L. Ed. 646 (1871)). We have said that "[i]n order to determine the existence of judicial immunity one must look to whether at the time [the judge]

8

took the challenged action he had jurisdiction over the subject matter before him." ***Loyacano***, 571 So. 2d at 238 (quoting ***Stump***, 435 U.S. at 356, 98 S. Ct. 1099).

¶11.    Pryer contends that Judge Gardner lacked jurisdiction to enter the 2011 and 2012 orders, so judicial immunity does not apply to his actions. The difficulty with Pryer's argument is that this Court explicitly has held that Judge Gardner had jurisdiction to enter the orders. In Pryer's earlier action challenging the denials of his requests for documents, he argued that "the Circuit Court had no jurisdiction to entertain a Public Records request as a Post Conviction Relief petition." ***Pryer***, 139 So. 3d at 716. This Court held that, because the 2011 order was not in the record and nothing in the 2012 order showed Judge Gardner had treated Pryer's filings as a post-conviction relief matter, "the record provides no indication that the circuit court treated Pryer's Motion to Show Cause as a petition for post-conviction relief." ***Id.*** at 716. Recognizing the fact that the Mississippi Constitution vests jurisdiction in the circuit courts "in *all* matters civil and criminal in this state not vested by this Constitution in some other court," the Court held that the circuit court had jurisdiction to rule upon Pryer's filings. ***Id.*** at 715, 716 (citing Miss. Const. Art. 6 § 156). Because it is beyond question that Judge Gardner had jurisdiction to rule on Pryer's filings, judicial immunity insulates him from Pryer's civil action.

¶12.    Pryer also argues that the provision in Section 21-61-15 that "[a]ny person" may be liable for denying another access to public records abrogates judicial immunity. He argues that, because Section 21-61-15 says "any person," and because a judge is a person, Section 21-61-15 includes a private right of action against a judge. This argument tasks the Court

9

with determining whether Section 21-61-15 abrogates the common law doctrine of judicial immunity. "The function of the Court is not to decide what a statute should provide, but to determine what it does provide." *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011). When engaging in this function, the Court seeks to give effect to the intent of the legislature. *Id.* The Court first examines the language of the statute; if the statutory language is plain and unambiguous, the Court will apply the plain meaning of the statute and refrain from applying principles of statutory construction. *Id.*

¶13.    The State points out that the United States Supreme Court rejected an extremely similar argument to Pryer's in *Pierson*. There, the Supreme Court examined 42 U.S.C. § 1983, which creates a cause of action against "every person" who under color of law deprives another person of his civil rights, to determine whether the statute abrogated judicial immunity. *Pierson*, 386 U.S. at 554, 87 S. Ct. 1213. The Supreme Court held that the language of the statute itself contained no indication that Congress intended to abolish the hallowed common law principle of judicial immunity to provide a cause of action against a judge for a Section 1983 violation. *Id.* at 554-55, 87 S. Ct. 1213. Likewise, the language of Section 25-61-15 contains no indication that, by its enactment, the Mississippi Legislature intended to abrogate judicial immunity. Because there is no textual indication whatsoever that the legislature intended to abrogate judicial immunity, we decline to read the "any person" language in Section 25-61-15 as a limitation on judicial immunity. *See Burns v. Allen*, 202 Miss. 240, 243, 31 So. 2d 125, 126 (1947) (if the legislature intended to abrogate

10

a requirement of the common law, "it must be held to have retained so much thereof as is not specifically dispensed with.").

¶14. Finally, Pryer argues that this Court, in its opinion affirming the denial of his documents requests, held that he was entitled to seek damages from Judge Gardner in chancery court. This argument is without merit. While in the earlier case we mentioned that Pryer could file a suit seeking the documents under Section 25-61-13(1)(a) in chancery court, the Court in no way condoned, encouraged, or authorized Pryer to file an action against Judge Gardner seeking civil damages under Section 25-61-15. *Pryer*, 139 So. 3d at 716.

¶15. Pryer and Judge Gardner both make arguments pertaining to the circuit court's finding, in the alternative, that the amended complaint against Judge Gardner was barred by the statute of limitations. Because we affirm the dismissal of Pryer's amended complaint on the ground of judicial immunity, we decline to address the circuit court's alternative finding that the claim also was time barred.

### CONCLUSION

¶16. Because Pryer's claim against Judge Gardner is barred by the doctrine of judicial immunity, we affirm the chancery court's dismissal of the amended complaint for failure to state a claim.

¶17. **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**