# United States Court of Appeals for the Fifth Circuit

No. 21-60442
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
October 6, 2021
Lyle W. Cayce
Clerk

Bobby Walker, Jr.,

*Plaintiff—Appellant*,

*versus*

The State of Mississippi; Angel Myers McIlrath; Justin Michael Lovorn; Robert P. Krebs, *Judge*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:20-CV-338

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Bobby Walker Jr., Mississippi prisoner # 200997006, has appealed the dismissal as frivolous of his civil rights action against the State of Mississippi, Jackson County District Attorney Angel McIlrath, Assistant District

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60442

Attorney Justin Lovorn, and Circuit Judge Robert Krebs. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The district court determined that the State of Mississippi was not amenable to suit under 42 U.S.C. § 1983 and that the individual defendants were absolutely immune from suit. Our review is for an abuse of discretion. *See Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021).

Walker asserts that he should have been permitted to amend his complaint to substitute the County of Jackson for the State of Mississippi as a defendant. No error has been shown with respect to dismissal of the claims against the State of Mississippi, and there is no reason to believe that Walker can allege facts that would entitle him to relief from the County of Jackson. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Walker's claims against the individual defendants call into question the validity of the bond revocation proceedings and, therefore, implicate the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, to recover damages for actions whose unlawfulness would imply the invalidity of the adverse decisions with respect to his release on bond, Walker would have to prove that the decisions have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* The applicability of the doctrine of absolute immunity is ordinarily considered as a threshold question before reaching the *Heck* analysis. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Prosecutors have absolute immunity from suit for actions performed within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420-24, 431 (1976). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Boyd*, 31 F.3d at 285. "[A]cts undertaken by

2

a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute immunity does not extend to a prosecutor's acts that are investigatory. *See id.* at 273-74. Walker's speculative accusations, if true, do not show that McIlrath or Lovorn acted outside the scope of their prosecutorial duties or that either of them acted as an investigator with respect to the bond revocation proceedings. *See id.*

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd*, 31 F.3d at 284. To prevail, Walker must show that Judge Krebs's actions were "nonjudicial in nature" or that they were "taken in the complete absence of all jurisdiction." *See id.*

Walker contended below that the conditions set by Judge Krebs were too restrictive, that bond was improperly revoked, and that the reinstatement of bond was improperly denied; he contended that Judge Krebs was unfairly biased. Walker complains on appeal that, without having an opportunity to conduct discovery, he could not show how the judge and the prosecutors were biased and conspired against him because he was charged with a sex crime. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages[, and it] is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

Walker concedes that the actions of Judge Krebs were judicial in nature. He contends instead that Judge Krebs exceeded his authority because he is a judge of an "inferior" court and that Judge Krebs lacked jurisdiction because he was not charged by a criminal complaint supported by an affidavit. These contentions are without merit. *See Pryer v. Gardner*, 247 So. 3d 1245,

No. 21-60442

1251 (Miss. 2018); *Chapell v. State*, 107 So. 3d 1003, 1006 (Miss. Ct. App. 2012).

The judgment is AFFIRMED. Walker's motion for a preliminary injunction is DENIED.

The district court's dismissal of Walker's complaint as frivolous counts as a single strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds, Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). We WARN Walker that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).